ANTHONY MALIZIA *v.* KRISTEN B. ANDERSON ET AL.

SUPERIOR COURT     JUDICIAL DISTRICT OF     FILE No. 100034S
STAMFORD-NORWALK

Memorandum filed September 27, 1991

*Farrell & Barr,* for the plaintiff.

*Cotter, Cotter & Sohon,* for the named defendant.

*Fazzone, Nuzzo & Baillie,* for the defendant Robert Anderson.

*P.A. Scholder,* for the defendant Buck Scientific, Inc.

RYAN, J. This action has been brought to recover damages for injuries sustained by the plaintiff, Anthony Malizia, when a bicycle he was riding allegedly was struck by an automobile driven by the named defendant

Kristen B. Anderson. The case is presently before the court on the motion of the defendant Robert Anderson to strike the second count of the two count second amended complaint. The issue presented is whether the second count of the second amended complaint is subject to a motion to strike for failure to allege sufficient facts to state a cause of action under the "family car" doctrine. For the following reasons, this court concludes that the second count sufficiently alleges facts necessary to state such a claim and the motion to strike should be denied.

The second count of the second amended complaint alleges the following facts. On or about October 23, 1988, at approximately 5 p.m., a car driven by Kristen Anderson collided with a bicycle being operated by the plaintiff. The plaintiff alleges that he suffered serious injuries in the collision as a result of the negligence of Kristen Anderson.

The car Kristen Anderson was operating is owned by the defendant Buck Scientific, Inc., a Delaware corporation authorized to transact business in Connecticut. The plaintiff claims that the car, owned by Buck Scientific, was furnished to Kristen Anderson by her father, the defendant Robert Anderson, who is a principal stockholder in the defendant corporation. The plaintiff alleges further that Kristen Anderson resided in her father's household and at the time of the accident was operating the automobile as a "family car" and within the scope of general authority from her father and as his agent. The claim in the second count is based on the common law "family car" doctrine and on General Statutes § 52-182.

Pursuant to Practice Book § 151, the defendant Robert Anderson now moves to strike the second count on the grounds that the family car doctrine does not

extend to individual stockholders of a closely held corporation and that there is no justification for piercing the corporate veil of Buck Scientific to sue Robert Anderson personally as an officer of that closely held corporation.

The defendant filed a memorandum of law in support of his motion in accordance with Practice Book § 155. The plaintiff has objected to the motion and has filed a memorandum of law in opposition.

A motion to strike tests the legal sufficiency of a pleading. Practice Book § 152; *Ferryman* v. *Groton,* 212 Conn. 138, 142, 561 A.2d 432 (1989). If a complaint contains the necessary elements of a cause of action, it will survive a motion to strike. *D'Ulisse-Cupo* v. *Board of Directors of Notre Dame High School,* 202 Conn. 206, 218–19, 520 A.2d 217 (1987). A motion to strike admits all well pleaded facts; *Ferryman* v. *Groton,* supra; and the allegations are construed in the light most favorable to the plaintiff. *Levenstein* v. *Yale University,* 40 Conn. Sup. 123, 125, 482 A.2d 724 (1984). In ruling on a motion to strike the court may not look outside the pleadings for facts not alleged. *Cavallo* v. *Derby Savings Bank,* 188 Conn. 281, 286, 449 A.2d 986 (1982).

In support of the first ground for his motion, Robert Anderson argues that if the family car doctrine is applicable to closely held corporations, it does not afford a legal basis for the imposition of liability on an individual officer of such a corporation when the corporation is already named as a defendant. He contends that the cases that have allowed suit against a corporation did not extend liability to the individual corporate officers. He argues, therefore, that he is not liable for the actions of his daughter under the family car doctrine.

As to the second ground for the motion, Robert Anderson argues that the plaintiff's allegations are

insufficient to support piercing the corporate veil under either the instrumentality or identity theory and those theories are factually and legally inapplicable to the present case.

The plaintiff argues in opposition that legal title to the automobile is not required for the application of the family car doctrine. He contends that the "sole issue to be decided is whether Mr. Anderson can escape liability under the 'family car' doctrine by having bare legal title in the name of the 'family corporation.' " The plaintiff contends further that Robert Anderson's control of the use of the car is sufficient for liability to attach under the doctrine. The plaintiff claims that in the present case, the inquiries are whether the head of the family had control over the car or the ability to furnish it to his daughter, with whom he lived and to whom he gave general permission to use the car, and whether sufficient facts have been pleaded to support the plaintiff's claim.

Regarding the second ground for the motion to strike, the plaintiff contends that Robert Anderson has mischaracterized the claim and that it is unnecessary to pierce the corporate veil to find him liable because the plaintiff's claim is made on the basis that Robert Anderson furnished the car for general family purposes to his daughter. The plaintiff argues that he does not seek to hold Robert Anderson liable by virtue of his ownership of corporate shares or by virtue of the corporation's alleged liability to the defendant. The plaintiff argues that since the corporate defendant has denied that Kristen Anderson was in its employ or acting as its agent at the time of the accident, then Kristen Anderson was operating the car for family purposes, and thus the alternative theories have been properly pleaded. It is the opinion of the court that the plaintiff's statement of the corporation's denial of liability imparts facts outside the pleadings, and cannot be con-

sidered. *Rowe* v. *Godou,* 209 Conn. 273, 278, 550 A.2d 1073 (1988). "It has long been settled in Connecticut that when a car is maintained by its owner for the 'general use, and convenience of his or her family,' the *owner* is jointly and severally liable for the negligence of a family member, who, having general authority to drive the car, uses it negligently while embarked on a family purpose, that is, for the pleasure or convenience of the family as a unit, or of an individual member of it. Thus, the right of the plaintiffs to recover rests on their ability to establish facts which render the family car doctrine applicable, and consequently, the defendant presumptively liable as the owner of such a family car." (Emphasis in original.) *Cook* v. *Nye,* 9 Conn. App. 221, 225, 518 A.2d 77 (1986). The court in *Cook* v. *Nye,* supra, 226, further stated: "Applicability of the family car doctrine is dependent upon the connection that the member of the household has with the car. He or she must *own,* maintain, or furnish the car, and have or exercise some degree of control over its use. 60A C.J.S., Motor Vehicle § 433 (3). Usually, liability under the doctrine is sought to be imposed on a member of a household who owns the car. It is not necessary to fit both these rules, however. Generally, control over the use of the car rather than legal title is dispositive; 2 F. Harper & F. James, Torts, p. 1421; although ownership is significant." (Emphasis in original.)

In the present case, the plaintiff alleges his claim is based upon the previously stated common law family car doctrine and upon § 52-182. This section provides: "Proof that the operator of a motor vehicle or a motorboat, as defined in section 15-127, was the husband, wife, father, mother, son or daughter of the owner shall raise a presumption that such motor vehicle or motorboat was being operated as a family car or boat within the scope of a general authority from the owner, and shall impose upon the defendant the burden of rebut-

ting such presumption." Section 52-182 places upon the defendant the burden of introducing evidence to rebut the statutory presumption, once the plaintiff has introduced sufficient evidence to raise the presumption. *Cook* v. *Nye,* supra, 226–27.

This court finds that although Robert Anderson argues that the plaintiff is attempting to impose liability upon him by virtue of his status as the principal stockholder of Buck Scientific, the allegations of the fourth paragraph of the second count actually seek to impose liability upon him as the person who furnished the car to Kristen Anderson and who exercised some degree of control over its use. The court finds further that, when these allegations are read in the light most favorable to the plaintiff, a claim under the family car doctrine has been sufficiently pleaded, and that such a claim does not require an allegation that the defendant owned the car. See id., 226.

Regarding Robert Anderson's second ground for the motion to strike, that a claim for piercing the corporate veil has not been sufficiently pleaded, it is found that the second count makes no attempt to plead such a claim, and, therefore, this ground for the motion to strike is without merit.

For the foregoing reasons, the motion to strike is denied.