[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case was initiated on July 10, 1991, when the plaintiff, Arnie's Plumbing, Heating Air Conditioning, Inc., filed a writ summons and complaint against the defendant, James C. Marlas. Plaintiff filed a revised complaint on April 30, 1992.
In the revised complaint, plaintiff alleges that defendant entered into a contract with Accardi Plumbing Co. (hereinafter Accardi) "for construction of plumbing and heating improvements to a residential building located on [property owned by defendant]." Plaintiff also claims that Accardi, in furtherance of the contract with defendant, orally subcontracted with plaintiff. Plaintiff agreed to provide plumbing, heating and air conditioning services to Accardi in return for Accardi's promise to pay for such services. Plaintiff claims that it began rendering service under the contract with Accardi on March 17, 1989, and ended such service on June 9, 1990. Then, in accordance with applicable law, plaintiff alleges that it recorded a mechanic's lien on defendant's property on July 31, 1990. Plaintiff alleges that money owing for labor and materials has not been paid. Thus, plaintiff instituted this action to enforce its lien by way of foreclosure as well as to obtain all other relief to which it may be entitled.
In response to plaintiff's revised complaint, defendant filed a motion to strike the complaint on May 29, 1992. The motion states that the revised complaint fails to state a claim upon which relief can be granted because the underlying contract CT Page 11286 between defendant and Accardi is void. Defendant attached the contract between himself and Accardi as an exhibit to the motion to strike. Defendant, in his memorandum of law in support of the motion to strike, claims that the underlying contract between himself and Accardi is invalid under the Home Improvement Act. Defendant alleges that as a third party beneficiary to the underlying contract, plaintiff has no greater rights than those of Accardi. Defendant claims that since Accardi has no rights under the invalid contract, plaintiff also has no rights. Based on the foregoing, defendant claims the court cannot grant the relief requested and, therefore, the motion to strike should be granted.
Plaintiff contends that defendant has made a "speaking motion to strike" by attaching a copy of the underlying contract to the motion. Plaintiff asserts that the defendant's attachment of the contract to the motion contradicts the principles involved when deciding a motion to strike that (1) all allegations in the pleadings are to be construed in favor of the plaintiff; and (2) facts outside the pleadings are not to be considered. Plaintiff claims the court has before it a "speaking motion to strike" and, as a result, the court should deny the motion. Plaintiff argues in the alternative that a mechanic's lien is a creature of statute and does not invoke common law principles of contract. Further, plaintiff alleges that the legislature did not intend a repeal of mechanic's lien protection when it enacted General Statutes 20-429a(a), the Home Improvement Act. Thus, plaintiff claims the motion to strike should be denied.
Defendant alleges that since plaintiff made mention of the contract between Accardi and defendant, attaching the contract to the motion to strike did not introduce evidence outside the pleadings. In addition, defendant claims that even if the court does not consider the attached contract, the motion should still be granted because plaintiff did not allege the underlying contract was written.
"The motion to strike . . . replaced the demurrer in our practice. Its function, like that which the demurrer served, is to test the legal sufficiency of a pleading." (Citations omitted.) Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432
(1989). "[The court] must examine the [pleading] . . . to determine whether the [nonmovant] . . . has stated a legally sufficient cause of action." (Citation omitted.) Wesson v. Milford, 5 Conn. App. 369, 372, 498 A.2d 505 (1985). In testing CT Page 11287 legal sufficiency, "the court will construe the pleading in a manner most favorable to the nonmovant by considering the factual allegations to be true. If the facts provable under the allegations support the existence of any possible cause of action or defense, the motion to strike must fail." (Citations omitted.) Levine v. Bess Paul Sigel Hebrew Academy, 39 Conn. Sup. 129,131, 471 A.2d 679 (Super.Ct. 1983).
"In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Citation omitted.) Gordon v. Bridgeport Housing Auth., 208 Conn. 161, 170, 544 A.2d 1185
(1988). "[T]he court may not look outside the pleadings for facts not alleged." (Citation omitted.) Malizia v. Anderson, 42 Conn. Sup. 114,116, 602 A.2d 1076 (1991). "[A]lleging affirmative matter [in a motion to strike] makes it the equivalent of a "speaking motion to strike", which is not proper. The court cannot consider such extraneous material on a motion to strike." Connecticut State Oil Co. v. Carbone, 36 Conn. Sup. 181, 182-183,415 A.2d 771 (Super.Ct. 1979).
Plaintiff, in its revised complaint, claimed there was a contract between Accardi and defendant, but neither reproduced the alleged contract in the body of the complaint nor attached it as an exhibit thereto. Defendant bases his motion to strike on his claim that the contract between Accardi and himself was invalid. Defendant's claim relies on the contract itself which was attached to his motion as an exhibit.
The introduction of the contract makes defendant's motion a "speaking motion to strike". Plaintiff's allegation that a contract existed must be put in a light most favorable to plaintiff. Such an allegation does not open the door for the defendant to introduce the contract and interpret its validity. As the court is confined to the facts alleged in the pleadings, it will be assumed, in ruling on the motion to strike, that a valid contract existed. Defendant is trying to accomplish, through a motion to strike, what is more appropriately accomplished by way of summary judgment. Because defendant has made a "speaking motion to strike", defendant's motion is denied.
So Ordered.
Dated at Stamford, Connecticut, this 22nd day of December, 1992.
WILLIAM BURKE LEWIS, JUDGE CT Page 11288