[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THE MOTION OF THE DEFENDANT, ASEA BROWN BOVERI, INC., TO STRIKE THE SECOND COUNT OF THE PLAINTIFF'S AMENDED COMPLAINT
The first count of the plaintiff's amended complaint alleges that he was "purposely splashed in the face" by the named defendant, a fellow employee, with dirty hydraulic oil containing metal filings "with such force as to knock his hard-hat from his head and his safety goggles from his face." He also states that as a result he was "stunned and temporarily blinded" and that he suffered "[a]gonizing pain" which required medical treatment.
The second count purports to allege a cause of action against his employer, the defendant, Asea Brown Boveri, Inc., for "extreme emotional distress" which he claims to have suffered because of its actions and conduct following the incident alleged in the first count. He alleges (para. 1) that he "was forced to endure emotional distress due to worry about a possible permanent loss of eyesight and employment, humiliation and damage to his good credit, not only with his co-workers, but with the company as well."
The complaint also alleges (para. 2) that although Lipscomb "openly bragged" that he was responsible for the incident, the plaintiff was suspended for two weeks without pay and the job title that he had at the time "was permanently taken from him." Other acts and conduct on the part of his employer that he claims were directed against him include "constant phone calls" that were made to him while he was at home under his doctor's care "demanding that he return to the plant" to discuss the incident and criticizing him for having reported it to the police, ordering him to "work alone in an isolated part of the plant with his assailant and ridiculing him when he refused to do so," allowing Lipscomb to damage his locker, remove his belongings and write threats and obscenities on it, refusing to take any action when he complained about threats of physical harm, including a threat to shoot him if he did not drop the charges, and refusing to allow him to transfer to another shift or to the company's plant in Windsor "for his safety."
Paragraph 5 of the second count states that the employer failed to provide "a safe working environment" in that he was "forced to work with the constant threat of imminent assault" by his fellow employee who had been arrested on a criminal charge as a result of the incident for which he was later sentenced to two years probation. The plaintiff's complaint concludes by stating that all of the acts and omissions of the employer "were designed to generate an effect of intentional emotional distress CT Page 3923 within the plaintiff."
The defendant employer, Asea Brown Boveri, Inc., has moved to strike the second count of the complaint as amended because it fails to allege a "cognizable cause of action . . . ." Alternatively, it moves to strike that count on the ground that the plaintiff's exclusive remedy is under the Workers' Compensation Act pursuant to 31-284(a) of the General Statutes.
The function of a motion to strike is to test the legal sufficiency of a pleading, and the court must construe the facts in the complaint most favorably to the plaintiff. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170. The court must view the facts "in a broad fashion, not strictly limited to the allegations, but also including the acts necessarily implied by and fairly provable under them." Schmidt v. Yardley Electric Corp., 4 Conn. App. 69, 74.
The burden rests on the plaintiff to allege a recognizable cause of action. Stavnezar v. Sage-Allen Co., 146 Conn. 460, 451. If the facts provable under the allegations of the complaint support such a cause of action the motion to strike must be denied. Rutt v. Roche, 138 Conn. 605, 609.
The tort of intentional infliction of emotional distress is recognized in the employment context and in order for the plaintiff to prove the defendant's liability four elements must be established. Murray v. Bridgeport Hospital, 40 Conn. Sup. 56,62. The plaintiff must show: (1) that the defendant intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe. Id.
The allegations of the second count of the plaintiff's complaint necessarily imply and the plaintiff could fairly prove under those allegations that the defendant, after being informed of the tortious and possibly criminal conduct of one of its employees, failed to take any action against him, and thereby ratified Lipscomb's conduct. See Hart v. National Mortgage 
Land Co., 235 Cal.Rptr. 68, 74 (Cal.App. 1987). It is also expressly alleged (para. 4) that the employer's actions and conduct "were intentionally designed to force [the plaintiff's] CT Page 3924 resignation, or have him become so flustered, he would make a mistake on the job that would result in his dismissal."
The requirement that the conduct be "extreme and outrageous" is met where there is an abuse by the defendant "of a position, or a relation with the [plaintiff] which gives him actual or apparent authority over the [plaintiff], or power to affect his interests." 1 Restatement (Second), Torts 46, Comment (e). Although the complaint is inartfully worded, to say the past, the court finds that the factual allegations of the second count including "the facts necessarily and fairly provable under them", state a cause of action for intentional infliction of emotional distress against the defendant employer. See Mellaly v. Eastman Kodak Co., 42 Conn. Sup. 17.
The second ground for the defendant's motion is that the Connecticut Workers' Compensation Act bars the common law cause of action asserted by the plaintiff against his employer in the second count of his complaint. The defendant argues that unless it "directed or authorized the assault . . . the strict liability remedies provided by the [Workers'] Compensation Act are exclusive and cannot be supplemented with common-law damages." See Jett v. Dunlap, 179 Conn. 215 at 219.
The Jett Case as well as the more recent Supreme Court decision in Perille v. Raybestos-Manhattan-Europe, Inc.,196 Conn. 529, are distinguishable in that the plaintiff makes no claim in this case that the employer "directed or authorized" the assaultive conduct of his fellow employee. Where the employee's common law cause of action includes allegations that the employer "failed to `criticize, censure, terminate, suspend or otherwise sanction or take any action' against [the employee's assailant] after being informed of his tortious conduct," those allegations, if proved, would constitute ratification by the employer of such conduct. Iverson v. Atlas Pacific Engineering, 191 Cal.Rptr. 696, 701 (Cal.App. 1983).
Where an employee's tort claim encompasses more than the failure of the employer to maintain a safe working environment, and also alleges ratification by the employer of continuing intentionally tortious conduct by a fellow employee for the purpose of causing the plaintiff emotional distress, the employer's actions will be considered to be wilful or serious misconduct because it is "neither a risk, an incident, nor a normal part of [the plaintiff's] employment." Hart v. National CT Page 3925 Mortgage Land Co., 235 Cal.Rptr. 68 at 74 (Cal.App. 1987). The exclusive remedy provisions of workmens' compensation laws do not bar civil claims arising out of intentional physical acts, ratified by the employer which "allegedly cause non-compensable harm [which is] primarily emotional in nature. . . ." Iverson v. Atlas Pacific Engineering,191 Cal.Rptr. 696 at 704.
For the foregoing reasons, the defendant employer's motion to strike the second count of the complaint is denied.
Hammer, J.