[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
FACTS
On September 12, 1994, the plaintiff, Kristine Chmelecki (Chmelecki), filed a sixteen count complaint against Decorative Screen Printers (DSP) and Robert Lasek (Lasek).[1]
According to the facts alleged in the complaint, DSP is a business operating in Norwich, Connecticut. The plaintiff was employed by DSP as a textile artist for the period from November 1987 through June 10, 1993. During this time, Lasek was Chmelecki's manager. Chmelecki alleges that in December 1992, Lasek lured her into a personal relationship with him which led to sexual intimacy. In May 1993, Chmelecki informed Lasek that she no longer wished to be sexually intimate with him. Chmelecki alleges that Lasek then threatened her with the loss of her job and threatened to blackball her as a textile artist unless she renewed the sexual relationship. Chmelecki alleges that when Lasek realized she would not resume the relationship, he subjected the plaintiff to a course of sexual harassment and discrimination. Specifically, Chmelecki alleges that Lasek denigrated her job performance; eliminated her overtime; caused her flexible hour work schedule to be changed to set hours; terminated the free-lance work available to her; and called her names. Chmelecki argues that this conduct resulted in a constructive discharge from her position with DSP. CT Page 5980
Counts one through nine are directed against DSP. Count one alleges a violation of General Statutes § 46a-100, regarding discriminatory employment practices. Count two alleges a violation of 42 U.S.C. § 2000e et seq., regarding unlawful employment practices. Count three alleges a breach of an implied in fact contract. Count four alleges a breach of the covenant of good faith and fair dealing. Count five alleges negligent infliction of emotional distress. Count six alleges reckless infliction of emotional distress; count seven alleges wanton infliction of emotional distress; count eight alleges willful and intentional infliction of emotional distress; and count nine alleges tortiously outrageous conduct causing emotional distress.
Counts ten through sixteen are directed against Lasek. Count ten alleges trespass. Count eleven alleges tortious breach of fiduciary relationship causing emotional distress. Count twelve alleges negligent infliction of emotional distress. Count thirteen alleges reckless infliction of emotional distress; count fourteen alleges wanton infliction of emotional distress; count fifteen alleges willful infliction of emotional distress; and count sixteen alleges tortiously outrageous conduct causing emotional distress.
On January 5, 1995, DSP filed a motion to strike counts three, four, six, seven, eight and nine of the plaintiff's complaint. On February 10, 1995, the plaintiff filed her objections to DSP's motion and a memorandum in support thereof. The arguments of the parties were heard by the court at short calendar on February 28, 1995.
On February 14, 1995, Lasek filed a motion to strike counts eleven, thirteen, fourteen, fifteen and sixteen of the complaint. The plaintiff filed her objections to Lasek's motion and a memorandum in support thereof on March 8, 1995. The arguments of the parties on this motion were heard by the court at short calendar on March 13, 1995.
The arguments in support of and in opposition to the motions to strike are set out in detail below.
DISCUSSION
A motion to strike challenges the legal sufficiency of a CT Page 5981 pleading. Novametrix Medical Systems, Inc. v. BOC Group,Inc., 224 Conn. 210, 214-15, 618 A.2d 25 (1992). The motion may properly contest one or more counts of a complaint.Quimby v. Kimberly Clark Corp., 28 Conn. App. 660, 669,613 A.2d 838 (1992); Practice Book § 152. "If a complaint contains the necessary elements of a cause of action, it will survive a motion to strike." Malizia v. Anderson, 42 Conn. Sup. 114,116, 602 A.2d 1076 (1991, Ryan, J.). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged."Novametrix, supra, 224 Conn. 215. The motion to strike admits all well-pleaded facts and those necessarily implied from the allegations. Bouchard v. People's Bank, 219 Conn. 465, 471,594 A.2d 1 (1991).
In ruling on a motion to strike, the court is limited to facts alleged in the complaint and the grounds specified in the motion. Novametrix, supra, 224 Conn. 210. The court will construe the "plaintiff's complaint in the manner most favorable to sustaining its legal sufficiency . . . ."Bouchard, supra, 219 Conn. 471. "In ruling on a motion to strike the trial court is limited to considering the grounds specified in the motion." Meredith v. Police Commission ofthe Town of New Canaan, 182 Conn. 138, 140, 438 A.2d 46
(1980).
1. DSP's Motion to Strike Count Three.
Count three is directed against DSP and alleges that DSP breached an implied in fact contract. Chmelecki alleges that DSP, by its words and conduct, made contractual commitments to the plaintiff that submitting to sex with Lasek would not be a condition of her employment, and that the refusal to submit to sex with Lasek would not be a basis for making decisions regarding the terms of her employment or regarding her free-lance opportunities in the textile industry. Count three alleges that DSP, through the conduct of its agent Lasek, breached the implied in fact contract. Chmelecki alleges further that the conduct of DSP constituted a constructive discharge from her employment.
DSP moves to strike count three on the ground that it fails to allege facts which support a finding of an implied in fact contract. DSP argues that an agreement to abide by the law does not amount to valid consideration which will support CT Page 5982 a contract. DSP argues that the alleged agreement that Chmelecki's submission to sex would not be a requirement of her employment is a pre-existing duty. Accordingly, DSP argues that it suffered no detriment and therefore there was no consideration to support the alleged contract.
Chmelecki argues that the defendant is required to plead its claim of lack of consideration as a special defense. She argues that the court should consider the intent of the parties in determining whether an implied in fact contract exists, not whether there was bargained for consideration.
An implied in fact contract depends on actual agreement and may be inferred from the conduct of the parties.D'Ulisse-Cupo v. Board of Directors of Notre Dame High School,202 Conn. 206, 211-12 n. 2, 520 A.2d 217 (1987)." [I]f . . . [an] agreement can only be shown by the acts and conduct of the parties, interpreted in the light of the subject matter and of the surrounding circumstances, then the contract is an implied one." Boland v. Catalano, 202 Conn. 333, 337,521 A.2d 142 (1987); Yale University School of Medicine/Office ofProfessional Services v. Wurtzel, Superior Court, judicial district of New Haven, Docket No. 275314 (October 5, 1992, Healey, S.T.R.).
Chmelecki alleges that DSP, by its "words, acts and conduct" made an implied in fact contract. The plaintiff, however, does not specify any words, acts or conduct of DSP that created the alleged contract. Rather, Chmelecki focuses on the conduct of DSP which she claims violated the contract. The plaintiff alleges no facts, such as an employee manual containing DSP's policy on sexual harassment, which would support a finding of an agreement by the defendant which would constitute the type of implied in fact contract alleged.
Furthermore, as argued by DSP, DSP had a pre-existing duty under General Statutes § 46a-60(8)[2] not to sexually harass the plaintiff. The plaintiff argues that bargained for consideration is not required in an implied in fact contract situation, citing Coelho v. Posi-Seal International, Inc.,208 Conn. 106, 544 A.2d 170, 544 A.2d 170 (1988).
The facts and legal issues in Coelho are distinguishable from the present action. The plaintiff in that case alleged that the defendant discharged him from employment in breach of CT Page 5983 an implied employment contract that he would not be terminated without just cause. Id., 109. On appeal, the defendant argued that there was insufficient evidence to permit the jury to find that the plaintiff had relied on the implied agreement to his detriment. Id., 114. The court held that the creation of an implied in fact contract not to discharge without just cause does not require consideration so long as such an agreement is established by the facts. Id., 119. In the present action, unlike Coelho, Chmelecki is not alleging that an implied in fact contract existed which would permit her discharge only for just cause. In addition, there was no issue of a pre-existing legal duty in Coelho. Accordingly, the plaintiff's reliance on Coelho is misplaced.
Chmelecki has not alleged sufficient facts in count three from which it could be found that the type of implied in fact contract argued for by Chmelecki existed. The type of implied in fact contracts that Connecticut courts have recognized in the employment context are implied contracts not to terminate the employment relationship without just cause. See, e.g.,Coelho v. Posi-Seal International, Inc., supra, 208 Conn. 106
(1988); Woolley v. Bank of Boston Connecticut, Superior Court, judicial district of Waterbury, Docket No. 115069 (July 13, 1994, McDonald, J.) (holding that defendant's long standing severance pay policy constituted an implied in fact contract that if defendant terminated plaintiff's position because of a force reduction, it would award him severance pay); Torosyanv. Boehringer Ingelheim Pharmaceuticals, Inc., Superior Court, judicial district of Litchfield, Docket No. 043446 (January 25, 1993, Doherty, J.). Accordingly, the defendant's motion to strike count three is hereby granted.
2. DSP's Motion to Strike Count Four.
Count four alleges that there was an employment contract which included an implied covenant of good faith and fair dealing in its performance and enforcement. The plaintiff alleges that the conduct of DSP, through its agent Lasek, breached the implied covenant. DSP moves to strike count four on the ground that a cause of action for breach of the covenant may only be sustained where the plaintiff has been discharged from employment in violation of some important public policy. DSP argues that there is no allegation in count four that the impropriety of its alleged actions are derived from an important public purpose. CT Page 5984
The plaintiff's allegation that she was employed by DSP is sufficient to set forth the existence of an implied contract to invoke the implied covenant of good faith and fair dealing. Settembri v. American Radio Relay League,7 CSCR 483, 484 (March 27, 1992, Schaller, J.) (stating that "[b]y alleging the existence of an employer-employee relationship, the plaintiff has properly alleged the existence of a contract."). Where, however, the contract being sued upon is an at-will employment contract, a breach of the implied covenant may be established only where the reason for the discharge involves "impropriety . . . derived from some important public policy." (Internal quotation marks omitted.)Magnan v. Anaconda Industries, 193 Conn. 558, 572,479 A.2d 781 (1984). The court in Magnan refused to enlarge the circumstances under which an at will employee may challenge his dismissal beyond the situation where the discharge involves the violation of public policy. Id.
The present action is distinguishable from Magnan in several respects. First, Chmelecki does not appear to allege that there was a violation of the duty of good faith in her discharge but rather that the there was a violation of the duty in the performance and enforcement of her employment contract. Her claim in count four is based upon a breach of a condition of the employment contract, namely that she would not be sexually harassed.[3] The facts of Magnan involve the discharge of an employee. This distinction notwithstanding, the plaintiff does allege that DSP's conduct constituted a constructive discharge. In addition, the conditions of her discharge may be considered part of the performance of her employment contract. Thus, the court's decision in Magnan is instructive. Chmelecki, however, has not alleged that she had an employment contract under which she was terminable only for just cause. Thus, it appears that Chmelecki was an at-will employee. Bouchard v. People's Bank, 219 Conn. 465, 471,594 A.2d 1 (1991) (A motion to strike admits all well-pleaded facts and those necessarily implied from the allegations.). Chmelecki has not alleged that DSP's conduct violated a public policy, as she would be required to do as an at-will employee under the holding of Magnan. Although a violation of public policy may be implied by the nature of the conduct alleged, no public policy is specified in count four. On the basis of the foregoing, DSP's motion to strike count four is hereby granted. CT Page 5985
3. DSP's Motion to Strike Count Six.
Count six states a claim for reckless infliction of emotional distress. DSP moves to strike count six on the ground that it fails to state a claim upon which relief can be granted because it fails to allege outrageous conduct. Chmelecki argues that the alleged conduct is sufficiently "extreme and outrageous" to satisfy the requirements of intentional infliction of emotional distress.
An allegation of reckless conduct which inflicts emotional distress is regarded as an allegation of intentional infliction of emotional distress. Petyan v. Ellis, 200 Conn. 243,253, 510 A.2d 1337 (1986), citing Hiers v. Cohen,31 Conn. Sup. 305, 308, 329 A.2d 609 (Super.Ct. 1973), quoting Restatement of Torts (Second), § 46 (Emphasis added.) (stating that "[o]ne who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress . . . ."). The tort of intentional infliction of emotional distress is recognized in the employment context. Champion v.Lipscomb, 8 CSCR 562, 563 (April 23, 1993, Hammer, J.). In order for a plaintiff to prevail in a case for liability under the theory of intentional infliction of emotional distress, four elements must be established. "It must be shown: (1) that the actor intended to inflict emotional distress; or that he knew or should have known that emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe." (Internal quotation marks omitted.) DeLaurentis v. New Haven, 220 Conn. 225,266-67, 597 A.2d 807 (1991).
Connecticut courts "have long adhered to the principle that in order to hold an employer liable for the intentional torts of his employee, the employee must be acting within the scope of his employment and in furtherance of the employer's business." A-G Foods, Inc. v. Pepperidge Farm, Inc.,216 Conn. 200, 208, 579 A.2d 69 (1990); Goldberg v. JosephthalLyon Ross, Inc., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 514864S (March 3, 1994, Sheldon, J.). "[I]t must be the affairs of the principal, and not solely to affairs of the agent, which are CT Page 5986 being furthered in order for the doctrine to apply." Mitchellv. Resto, 157 Conn. 258, 262, 253 A.2d 25 (1968). Thus, the threshold issue is whether the acts of Lasek were within the scope of his employment sufficient to attribute his liability to DSP.
"[T]he servant's conduct is within the scope of his employment if it is of the kind which he is employed to perform, occurs substantially within the authorized limits of time and space, and is actuated, at lease in part, by a purpose to serve the master." (Internal quotation marks omitted.) Eldredge v. Free N Easy, Inc., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 116177 (August 13, 1993, Lewis, J.), quoting Prosser and Keaton on Torts, 5th ed., p. 502 (1984). "Furthermore, under the doctrine of respondeat superior, the focus is on the employee's conduct rather than the employers's knowledge or approval of the acts." Id., citing Belanger v. Village Pub I,Inc., 26 Conn. App. 509, 520, 603 A.2d 1173 (1992).
Count six alleges that Lasek is an agent of DSP and was Chmelecki's manager during the period of her employment. Count six alleges further that Lasek threatened to fire Chmelecki, threatened to blackball her as an artist in the textile industry; eliminated her overtime; changed her work schedule from flexible hours to set hours; and terminated the free-lance work available to her. The plaintiff has alleged both that an agency relationship existed and that Lasek's acts were done in his capacity as a manager of DSP. Thus, count six contains sufficient allegations that Lasek's acts were done within the scope of his employment and in furtherance of DSP's business interests. The issue now becomes whether count six sufficiently alleges outrageous conduct.
"Liability for intentional infliction of emotional distress requires conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind." (Internal quotation marks omitted.).DeLaurentis v. New Haven, supra, 220 Conn. 267. The requirement of outrageous conduct may arise where there is "an abuse by the actor of a position, or a relation with the other, which gives him actual or apparent authority over the other, or power to affect his interests." (Internal quotation marks omitted.) Mellaly v. Eastman Kodak Company,
CT Page 598742 Conn. Sup. 17, 20, 597 A.2d 373 (1991, Berdon, J.), quoting 1 Restatement (Second) of Torts § 46, comment (d); Champion v.Lipscomb, supra, 8 CSCR 562.
Based on the allegations of the complaint, reasonable minds could differ as to whether the conduct of Lasek was extreme and outrageous. Thus, a question of fact for the trier exists. Accordingly, the motion to strike count six is denied.
4. DSP's Motion to Strike Counts Seven, Eight and Nine.
Count seven states a claim for wanton infliction of emotional distress; count eight states a claim for willful and intentional infliction of emotional distress; and count nine states a claim for tortiously outrageous conduct causing emotional distress and special damages. DSP moves to strike these counts on two grounds. DSP argues that, to the extent any of the counts may be construed as claiming intentional infliction of emotional distress, they should be stricken because, as in count six, they fail to allege outrageous conduct and because they are repetitive of count six. Counts seven, eight and nine are, indeed, repetitive of count six. "Reckless" and "wanton" are essentially synonymous. Epsteinv. Jalbert, 13 Conn. L. Rptr. 342 (January 13, 1995, Blue, J.). Thus, counts six and seven are identical. In addition, a claim of "intentional infliction of emotional distress . . . by its nature alleges a `willful' act." Id. Thus, count eight is identical to count six. Count nine, which alleges tortiously outrageous conduct, is also identical in its allegations to count six. DSP's argument that these counts are repetitive of count six should have been raised in a request to revise and is not properly raised in a motion to strike. Accordingly, since count six is legally sufficient, counts seven, eight and nine, which allege the same cause of action, are also legally sufficient. These counts should not be stricken on the ground that they are repetitive of count six or that they fail to state a claim upon which relief can be granted. Thus, DSP's motion to strike counts seven, eight, and nine is denied.
5. Lasek's Motion to Strike Count Eleven.
Count eleven alleges that Lasek breached a fiduciary duty owed to the plaintiff. Lasek moves to strike count eleven CT Page 5988 because it fails to state a claim upon which relief can be granted in that it assumes a fiduciary relationship where none exists. Lasek contends that the plaintiff has failed to allege facts that suggest Lasek had a fiduciary duty to the plaintiff. Lasek argues that he would have to be either a "trustee" or he would have to have a duty to act primarily for the plaintiff's benefit for a fiduciary duty to exist. Chmelecki argues that Connecticut does not limit fiduciary relationships to the situations identified by the defendant and she argues for a more broad construction of the duty.
Count eleven alleges that a fiduciary relationship existed between Lasek and Chmelecki on the basis of the employer-employee relationship; the relative age, experience and position of the parties;[4] and Lasek's express and repeated reassurance to the plaintiff that their personal relationship would not interfere with Chmelecki's position at DSP.
The Connecticut Supreme Court has "refused to define a fiduciary relationship in precise detail and in such a manner as to exclude new situations, choosing instead to leave the bars down for situations in which there is a justifiable trust confided on one side and a resulting superiority and influence on the other." (Internal quotation marks omitted.) Alaimov. Royer, 188 Conn. 36, 41, 448 A.2d 207 (1982). Consequently, the question of whether a fiduciary duty exists in the present action is a question of fact to be determined by the test set forth in Alaimo. Sportsmen's Paradise v.Peerless Insurance Co., 7 CSCR 401, 402 (February 6, 1992, Dranginis, J.). It is inappropriate to decide a question of fact on a motion to strike. Flanagan v. Valente, 31 Conn. Sup. 143,145, 325 A.2d 532 (Super.Ct. 1974); ConnecticutNational Bank v. Anderson, 6 CSCR 943, 944 (October 1, 1991, Pickett, J.); Economic Development Associates v. Cititrust,6 CSCR 400, 5 401 (March 27, 1991, Dranginis, J.). Accordingly, Lasek's motion to strike count eleven is denied.
6. Lasek's Motion to Strike Count Thirteen.
Lasek moves to strike count thirteen on the ground that it fails to allege conduct which is sufficiently outrageous to support a claim of intentional infliction of emotional distress. Count thirteen against Lasek is identical to count six against DSP. Therefore, on the basis of the reasoning set out earlier, Lasek's motion to strike count thirteen is CT Page 5989 denied.
7. Lasek's Motion to Strike Counts Fourteen, Fifteen andSixteen.
Lasek also moves to strike counts fourteen, fifteen and sixteen on the same bases as DSP has moved to strike counts seven, eight and nine. Count fourteen is identical to count seven; that count fifteen is identical to count eight; and that count sixteen is identical to count nine. Accordingly, the motion to strike these counts on the basis that they are repetitive and on the basis that these counts fail to sufficiently allege outrageous conduct is denied for the reasons set out earlier in this memorandum.
CONCLUSION
The court hereby grants DSP's motion to strike count three and four; and denies DSP's motion to strike counts six, seven, eight and nine.
The court denies Lasek's motion to strike counts eleven, thirteen, fourteen, fifteen and sixteen.
Hurley, J.