[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a foreclosure action, brought by the plaintiff, People's Bank, which is attempting to foreclose on a mortgage issued by the defendant, Thomas Lucas[1], as security for a note in the principal amount of $79,100. People's alleges that Lucas has not paid on the mortgage since August 1, 1994, and seeks to get a judgment of foreclosure on the mortgage and a deficiency judgment against Lucas.
On June 9, 1995, Lucas filed an answer, special defense, and claim of set-off. In his answer, Lucas admits that he issued the mortgage, admits that he has not made payments on the note since June 9, 1995, but denies the legal consequences of not paying on the mortgage. Additionally, Lucas filed four special defenses, but has since withdrawn three of them. In the remaining special defense, Lucas claims that the "[p]laintiff is not entitled to the relief requested in this case because it has failed to act in a commercially reasonable manner." Additionally, Lucas claims that he is entitled to a set-off against People's claims because it breached a covenant of good faith and fair dealing by not accepting a deed in lieu of foreclosure that Lucas offered to give People's. Lucas argues that because People's refused to accept the deed in lieu of foreclosure, Lucas has incurred compounded costs and expenses "in the form of further accrued interest, further decrease in the market value of the property, further legal fees incurred, further administrative costs to the plaintiff, and loss of potential income from beneficial use of the property." CT Page 456
On August 24, 1995, People's filed the motion to strike the special defense and claim for set-off that is presently before the court. People's alleges that the special defense is insufficient because Lucas has alleged only a legal conclusion and has not alleged facts sufficient to survive a motion to strike. People's also claims that the claim of set-off is legally insufficient. Lucas filed an opposition to the motion to strike on August 24, 1995.
The parties argued the motion before the court, Kulawiz, J., on October 2, 1995.
The motion to strike is the proper motion to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. Novametrix MedicalSystems v. BOC Group, Inc., 224 Conn. 210, 214-215, 618 A.2d 25
(1992). "Its function . . . is to test the legal sufficiency of a pleading." Alarm Applications Co. v. Simsbury Volunteer FireCo., 179 Conn. 541, 545, 427 A.2d 822 (1980). "The purpose and scope of a motion to strike are identical to those of a demurrer under the old rules of practice." Cavallo v. Derby SavingsBank, 188 Conn. 281, 285, 449 A.2d 986 (1982). The motion admits all legal facts but not conclusions of law. Verdon v.Transamerica Ins. Co., 187 Conn. 363, 365, 446 A.2d 3 (1982). "Conclusions of law, absent sufficient alleged facts to support them, are subject to a motion to strike." Fortini v. NewEngland Log Homes, Inc., 4 Conn. App. 132, 135, 492 A.2d 545
(1985), cert. dismissed, 197 Conn. 801 (1985).
A motion to strike is the correct method to challenge the legal sufficiency of a special defense. Krasnow v. Christensen,40 Conn. Sup. 287, 288 (1985). The court may not look outside the pleadings for facts not alleged. Malizia v. Anderson,42 Conn. Sup. 114, 116 (1992). "The allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail."Mingachos v. CBS, Inc., 196 Conn. 91, 109, 491 A.2d 368 (1985). If facts provable under the allegations would support a cause of action, the motion to strike must fail. Alarm Applications Co.v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545, 427 A.2d 822
(1980).
In its memorandum in support of its motion to strike, CT Page 457 People's argues that the second special defense should be stricken because the defendant alleges no facts or circumstances to support this special defense, but only states a legal conclusion. People's argues that a special defense is insufficient without facts or circumstances to support it. People's argues that the set off is insufficient because accepting the deed in lieu of foreclosure would put them in a worse situation than they were already in. People's argues that accepting the deed would have merged their interests, thus making it impossible to foreclose out creditors with subsequent encumbrances.
Lucas argues in opposition to the motion that equity requires that the court consider the circumstances which point out People's failure to act in a commercially reasonable manner and deny the motion to strike. Lucas argues that the court should be able to consider the facts presented in its memorandum in opposition to the motion to strike and the facts set forth in the claim for set-off contained in the answer. Additionally, Lucas argues that the claim for a set-off is sufficient, and therefore argues that the motion to strike should be denied.
"As a general rule, defenses available in a foreclosure action are limited to payment, discharge, release, satisfaction or invalidity of a lien. However, since foreclosure is an equitable proceeding, the court may consider, aside from these specifically enumerated defenses, all relevant circumstances to ensure that complete justice is done. The determination of what equity requires in a particular case is a matter for the discretion of the court." (Internal citations omitted) ShawmutBank v. Carriage Hill Estates, Superior Court, Docket No. 11 65 93, Judicial District of Waterbury (June 10, 1994, West, J.).
Courts have found that "defenses to foreclosure are recognized when they attack the note itself rather than some behavior of the mortgagor." Opticare Centers v. Aaron, Superior Court, Judicial District of Waterbury, Docket No. 111491 (February 24, 1994, Sylvester, J.). "Courts have not been receptive to foreclosure defendants who have asserted defenses and counterclaims based on factors outside of the note or mortgage." Shoreline Bank Trust Co. v. Leninski,8 Conn. L. Rptr. 522, 524 (March 19, 1993, Celotto, J.).
Lucas' argument that the court should consider the facts presented in his memorandum in opposition to the motion to strike is clearly flawed. Reference in the motion to facts not CT Page 458 included in the motion makes the motion a " `speaking motion to strike', which is not proper." Connecticut State Oil v.Carbone, 36 Conn. Sup. 181, 182-183, 415 A.2d 771 (1979); Doe v.Marselle, 38 Conn. App. 360, 364, ___ A.2d ___ (1995).
"The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Grant v. Bassman, 221 Conn. 465, 472-473, 604 A.2d 814
(1992); Practice Book 164. In this case, Lucas has pleaded no facts in his special defense that would support his allegation that People's has not acted in a commercially unreasonable manner. "[A] special defense requires the pleading of facts which are consistent with the plaintiff's statement of facts, but show, nevertheless, that [the plaintiff] has no cause of action . . . ." [Internal quotation marks omitted.] People'sBank v. Guttman, Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 30 66 92 (February 28, 1995, Hauser, J.) Therefore, the special defense is insufficient on its face and the motion to strike the second special defense is granted.
The claim of set-off should also be stricken. This claim for a set-off is nearly identical to the facts that were before the court in Shawmut Bank v. Rensyn, Assoc., Superior Court, Judicial District of Middlesex, Docket No. 071169, (April 12, 1995, Aurigemma, J.). In Rensyn, the court found that a bank is not required to accept a deed in lieu of foreclosure from a mortgagor, noting that the offer of a deed in lieu of foreclosure may present a myriad of problems to a lender which the lender does not encounter if it obtains a judgment of foreclosure.Rensyn, supra. One problem is that a lender may lose the right to foreclose on subsequent encumbrancers through the doctrine of merger. Id. Additionally, "the general rule is that both payment of, and tender of payment of the debt must be in money, unless the parties agree otherwise, or the obligee consents to accept some other medium of payment. . . . Tender has been defined by the Supreme Court as `an offer to pay a debt . . . [and] the offer to pay involves, as a general rule, the actual production of the money and the placing of it in the power of the person entitled to receive it.'" Id. citing Bankof Boston CT v. Platz, 41 Conn. Sup. 587 (1981, Satter, J.).
The court found that "[f]or the reasons set forth above, the plaintiff was not required to accept a deed in lieu of foreclosure. Therefore, failure to do so could not have CT Page 459 constituted a breach of the covenant of good faith and fair dealing, conduct evidencing unclean hands, laches and could not estop the plaintiff from pursuing its foreclosure action. Similarly, the bank's failure to accept a deed in lieu of foreclosure cannot support the defendant's claim that she is entitled to a set-off of all expenses she incurred in connection with the property after the plaintiff refused to accept her tender of the deed of the property." Rensyn, supra.
Defendant herein has not stated a sufficient claim for a set-off. Therefore, People's motion to strike the claim for set-off is granted.
KULAWIZ J.