FACTS
The plaintiff, James K. Brahm, and the defendant, Edward E. Demuzzio, each were owners of several condominium units in a condominium complex (complex). According to the complaint, the plaintiff had a right to purchase two mortgages encumbering other units in the complex, which were in default (defaulted mortgages). The plaintiff, the defendant and a third party agreed to form a partnership, and the partnership was to purchase, renovate and lease the entire complex. The three parties agreed to contribute their own condominium units and mortgages to the partnership. The plaintiff agreed to contribute his right to purchase the defaulted mortgages to the partnership.
In July 1997, the plaintiff told the defendant that the purchase of the defaulted mortgages had to be completed, but the plaintiff was unable to complete the purchase due to non financial personal reasons. The defendant agreed to purchase the defaulted mortgages on behalf of the partnership, and plaintiff gave the defendant the necessary contact and contract information. On July 8, 1997, representing himself as the plaintiff's partner, the defendant purchased the defaulted mortgages and assigned them to the defendant's own corporation, CCi, Inc. The defendant CT Page 12475 told the plaintiff that he, through CCi, Inc., had purchased the defaulted mortgages, and would hold them until the partnership was finalized. The defendant later told the plaintiff that he would not be involved in the partnership and then refused to sell the mortgages to the plaintiff.
On December 6, 2000, the plaintiff filed a revised complaint against the defendant, alleging, in four counts, fraud, breach of a fiduciary duty, intentional interference with a business relationship and violation of the Connecticut Unfair Trade Practices Act (CUTPA). On March 14, 2001, the defendant filed a motion to strike the CUTPA claim on the ground that the plaintiff failed to state a claim for relief.
 DISCUSSION
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim or cross claim, or of any one or more counts thereof, to state a claim upon which relief can be granted . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39(a). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp., 240 Conn. 576, 580, 693 A.2d 293 (1997). The court must "construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Eskin v.Castiglia, 253 Conn. 516, 523, 753 A.2d 927 (2000). "A motion to strike admits all facts well pleaded; it does not admit legal conclusions or thetruth or accuracy of opinions stated in the pleadings." (Emphasis in original; internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp., supra, 588.
The defendant moves to strike the CUTPA claim on the grounds that the plaintiff has failed to allege that the defendant was engaged in trade or commerce and that the plaintiff has failed to allege more than a single deceptive act by the defendant.
CUTPA provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." General Statutes § 42-110b (a). Because of the introductory language of General Statutes § 42-110b (a), which refers to the plural "unfair methods of competition and unfair or deceptive acts or practices," and General Statutes § 42-110g(a), which refers to the singular "method, act or practice," there is a split in the Superior Court as to whether a single deceptive act can constitute a CUTPA violation. CT Page 12476
This court has held repeatedly that a plaintiff must allege more than a single deceptive or unfair act in order to invoke CUTPA. Spakowski v.Charter Oak Walk-in Medical Center, Superior Court, judicial district of New London at New London, Docket No. 528137 (June 2, 1994, Hurley, J.) (9 C.S.C.R. 683); Medeiros v. Federal Paper Board, Superior Court, judicial district of New London at New London, Docket No. 536477 (July 2, 1996,Hurley, J.); Swienicki v. Griggs Browne, Superior Court, judicial district of New London at New London, Docket No. 513407 (February 28, 1995, Hurley, J.). Further, despite the split of authority as to whether a single act is sufficient to constitute a violation of CUTPA, the "majority of Superior Court decisions have held . . . that a single act will not constitute a CUTPA violation if the actor is an individual not engaged in a trade or business, but, rather, sells his own car or house."Altern v. Land-Tech Consultants, Inc., Superior Court, judicial district of Waterbury, Docket No. 146742 (January 23, 2001, Doherty, J.); see alsoMcCarthy v. Fingelly, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 268839 (May 28, 1991, Katz, J.) (6 C.S.C.R. 511);Skinner v. Till, Superior Court, judicial district of New London at New London, Docket No. 514857 (April 16, 1991, Teller, J.) (6 C.S.C.R. 623);Malizia v. Anderson, 42 Conn. Sup. 114, 602 A.2d 1076 (1991).
The plaintiff does not specifically set forth what acts of the defendant give rise to a CUTPA violation but merely incorporates the allegations of the fraud claim into the CUTPA claim. The incorporated allegations are that the "defendant defrauded the plaintiff by representing to the plaintiff that he would purchase the mortgages [and] had no intention of continuing with the partnership agreement, thereby inducing the plaintiff to provide the contract information to the defendant." (Complaint, Count One, ¶ 18.) The plaintiff has not alleged more than a single deceptive act or practice. Further, the plaintiff has not alleged that the defendant was acting in a trade or business. Despite the plaintiff's argument that the intent of the partnership was to purchase, renovate and lease out the complex's units, the partnership had not been established, and the defendant's alleged deceptive act was done outside the scope of any business or trade. The plaintiff has not alleged that the defendant's conduct was done during the course of "any trade or commerce."
The plaintiff has not alleged sufficiently a CUTPA violation. Therefore, the defendant's motion to strike count four is granted.
D. Michael Hurley, Judge Trial Referee