HAROLD F. WHITE, ET AL.

vs.

DANIEL J. LEARY

Superior Court       New Haven County       File #12682
                     (At Waterbury)

MEMORANDUM FILED MARCH 15, 1938.

Cohen & Cohen, of Hartford, for the Plaintiffs.

Josiah H. Peck, of Hartford; Frederick H. Waterhouse, of Hartford, for the Defendants.

T. V. Meyer, of Waterbury; Michael J. Galullo, of Waterbury, for Garnishees.

INGLIS, J. This is an action brought against Daniel J. Leary in which it was sought to attach certain shares of stock in The Waterbury Trust Company, a Connecticut corporation, standing in the name of Francis Peterson which the plaintiffs claim are in reality the property of the defendant and certain shares of stock of Diamond Ginger Ale, Inc., standing in the name of the defendant but claimed to be the property of Francis Peterson. In aid of the attachment which was sought an injunction was issued to restrain the defendant and the corporations from transferring the stock. No bond was required of the plaintiffs on this injunction. Francis Peterson was and is a nonresident of and absent from this State. He is not a party to this action nor was he served with the injunction. This motion is one filed by Francis Peterson and is that the plaintiffs be required to furnish a bond on the injunction.

Although the statute, section 5899 of the General Statutes, Revision of 1930, directs that upon the issuance of a temporary injunction a bond shall be given to the opposite party to answer all damages in case the plaintiffs fail to prosecute the action to effect unless for good cause shown the judge issuing the injunction is of the opinion that such injunction ought to issue without bond, nevertheless, it is not customary to require such a bond on injunctions issued in aid of the attachment of corporate stock. The reason for that is that, unless the action in which the attachment is made is one which is maliciously instituted, the defendant therein has no right to complain of any attachment. Under our law which permits an attachment as a matter of right it is no violation of a defendant's right for an attachment of his property to be made. He, therefore, suffers no legal damage. Any damage which he suffers is damnum absque injuria. He can not recover from the plaintiff for any damage resulting to him from such an attachment. Accordingly, there is no reason, when the attachment is of corporate shares, which attachment in order to be complete requires an injunction restraining their trans-

fer, to require the plaintiff to give bond securing the defend-
ant against legal damage. If no such damage can accrue to
the defendant there is ordinarily no reason to require a bond
for his protection against it.

Whatever may be said generally on this subject, however,
the complete answer to the present motion lies in the fact that
the mover, Francis Peterson, is not a party defendant in this
action. This consideration operates in two ways. In the first
place he has no standing to make the motion. If he desires
any relief on a motion made in this cause of action, he must
first intervene and become a party to this action. That is
fundamental.

In the second place it follows from the fact that he is
not a party that he would derive no advantage from such a
bond as he is requesting. The bond required by the statute
is one which runs "to the opposite party". Francis Peterson
not being an opposite party in this action certainly a bond
on the injunction taken in accordance with the statute would
in no way protect him against damages even though he sus-
tained damage by reason of the failure of the plaintiffs to
prosecute the action to effect.

For the foregoing reasons the motion is denied.

No hearing having been had on the plaintiff's motion to
erase or strike from the file the above motion of Francis
Peterson, no decision of that motion of the plaintiffs is made
at this time.