[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On July 7, 1994, the plaintiff, Gloria Palmieri, filed a three count amended complaint against the defendant, Pasquale DiChello, for damages to the plaintiff's real proper y. The plaintiff alleges that she is an owner of premises located at 15 Navarro Road, and the defendant is the owner of premises located at 31 David Drive, both in East Haven. The plaintiff alleges that she and the defendant are neighbors and share common property lines.
In addition, the plaintiff alleges in the first count that on or about June of 1992, the defendant proceeded to spray-paint his page-metal fence on his property. The plaintiff further alleges that while spray painting his fence, the defendant carelessly and negligently allowed paint to spray against the plaintiff's green fiberglass fence, causing discoloration of the plaintiff's fence. The plaintiff claims that the defendant's conduct amounts to a real and unintentional invasion of plaintiff's real property, negligently causing direct and actual damages to the plaintiff's fence.
The plaintiff alleges in the second count that the defendant also has a large tree containing branches that the defendant allows to overhang onto the plaintiff's premises. The plaintiff further alleges that on dates after June of 1992, including up until the filing of this action, the defendant has negligently failed to trim said branches, or, if he has trimmed said branches, he has done so carelessly and negligently, so as to allow said branches to get caught in the plaintiff's fence, causing damage to said fence.
The plaintiff alleges in the third count that as a result of the defendant's failure to trim said branches, leaves on said branches become drenched with water after storms and deposit in the plaintiff's gutters. The plaintiff further alleges that the CT Page 93 gutters become overfilled, causing water damage to plaintiff's premises.
On July 29, 1994, the defendant filed an answer, one special defense, and a one count counterclaim. In the special defense, the defendant alleges that the plaintiff's action is barred by the applicable statute of limitations, General Statutes § 52-584. In the counterclaim the defendant alleges that since the beginning of the Fall of 1991, and until on or about April 25, 1994, the plaintiff has engaged in a series of actions and activities intended to harass, embarrass, humiliate, inconvenience and threaten the defendant and to cause him financial loss and credit inconvenience. The defendant further alleges that the plaintiff knew, or should have known, that her allegations in the complaint were groundless and time barred. The defendant further alleges that out of malice and/or negligence, the plaintiff commenced and prosecuted this action in violation of General Statutes § 52-568.
On August 8, 1994, the plaintiff filed a motion to dismiss the defendant's counterclaim for lack of subject matter jurisdiction on the ground that the defendant has not alleged in his counterclaim any facts indicating the termination of a prior suit in the defendant's favor.
As required by Practice Book § 143, the plaintiff has filed a memorandum in support of her motion to dismiss, and the defendant has timely filed a memorandum in opposition.
A motion to dismiss "properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 567
(1991). It is a rule that, "as soon as the jurisdiction of the court to decide an issue is called into question, all other action in the case must come to a halt until such a determination is made." Id., 545. "The motion to dismiss shall be used to assess (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, and (5) insufficiency of service of process." Practice Book § 143.
"`Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong.'" Ambroise v. William Raveis RealEstate, Inc., 226 Conn. 757, 765, 682 A.2d 1303 (1993), quoting CT Page 94LeConche v. Elligers, 215 Conn. 701, 709, 579 A.2d 1 (1990). "[J]urisdiction of the subject matter is a question of law and cannot be waived or conferred by consent . . . ." In re JudicialInquiry No. 85-01, 221 Conn. 625, 629, 605 A.2d 545 (1992). "Moreover, whenever a court discovers it has no jurisdiction, it is bound to dismiss the case, without regard to previous rulings." Id., 629.
An action that alleges vexatious litigation "requires a plaintiff to allege that the previous lawsuit was initiated maliciously, without probable cause, and terminated in the plaintiff's favor." Blake v. Levy, 191 Conn. 257, 263, 464 A.2d 52
(1983). Termination of the prior suit in favor of the defendant is, therefore, an "essential allegation of an action in vexatious litigation." Hiers v. Cohen, 31 Conn. Sup. 305, 312, 329 A.2d 609
(Super.Ct. 1973).
The plaintiff's motion in effect challenges the failure of the defendant's counterclaim to set forth an essential allegation. The plaintiff's challenge is to the legal sufficiency of the counterclaim. The line of decisions that have addressed the essential allegations of a vexatious litigation action have all done so in the context of a motion to strike, or, its predecessor, the demurrer. See, e.g., Hiers v. Cohen, supra, 31 Conn. Sup. 312 ("Since there is no allegation . . . that the prior suit terminated in favor of the plaintiff herein, a demurrer to these counts must be sustained."); see also Blake v. Levy, supra, 191 Conn. 257-58 ("The defendant moved to strike the complaint insofar as it stated a claim for vexatious litigation, on the ground that the prior litigation had not terminated in the plaintiff's favor."). The failure to allege that a prior suit terminated in favor of the defendant does not deprive the court of subject matter jurisdiction over a vexatious litigation claim.
The purpose of the motion to strike "is to test the legal sufficiency of a pleading." Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989). The motion to strike "admits all facts well pleaded. . . . The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them. . . .; and if facts provable under the allegations would support a defense or cause of action, the (motion to strike) must fail." Id., 142. The issue of whether the defendant alleged facts that, if proved, would support a cause of action for vexatious litigation, is properly raised by a motion to strike. CT Page 95
An allegation that a prior suit terminated in favor of a plaintiff is not a jurisdictional prerequisite to the filing of a vexatious litigation claim, but rather relates to the legal sufficiency of such a claim. The plaintiff's motion to dismiss the defendant's counterclaim is denied.
Howard F. Zoarski, Judge