[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
In this case the plaintiff was discharged from employment by the defendant corporation and has brought suit in several counts. The defendant has filed a motion to strike as to the first three counts.
1.
The first count of the complaint is based on an alleged breach of an implied contract. In its motion to strike the defendant CT Page 12652-T argues that all that is involved here is an employment contract terminable at will. In a motion to strike the non-moving party, here the plaintiff, is entitled to have the words of the contract interpreted in a light most favorable to its position. Amodio v.Cummingham, 180 Conn. 80 (1980).
Paragraph 1 of the first count states that the plaintiff "was employed by the defendant". Paragraph 23 says that "At all times relevant to the allegations of this complaint, Konica distributed to employees its Employees Benefits and Policies wherein it represented that its `rules and regulations are based on the principles of treating all employees justly under all conditions. . . ."
Paragraph 24 notes that the document referred to in paragraph 23 references "Konica's Standard Operating Policy Manual". The paragraph goes on to indicate the manual established certain procedures regarding the investigation and handling of discipline including standards for the imposition of discipline. The complaint generally alleges these policies weren't followed and these standards have not been met.
It is of course true that the mere fact that the plaintiff believed that the employee manual constituted a contract doesn't bind the defendant employer without some evidence that it intended CT Page 12652-U to be bound. If a manual is distributed only to supervisory and management personnel the cases say that this is some indication that the defendant employer didn't intend to be bound by the contents of the manual, Christensen v. BIC Corp., 6 CSCR 650, 651
(1991); Owens v. American Natural Red Cross, 2 IER 1145, 1152 (D. Conn. 1987). This is so because if it is only distributed to supervisory personnel it cannot be said to have been communicated to an employee as part of an offer of employment thus establishing a binding contract, Skranstad v. Otter Trail County, 2 IER 1463, 1465 (Minn, App. 1987); Tobias v. Montgomery, 362 N.W.2d 380, 381,382 (Min., d 1985).
I can't tell from the face of these pleadings when the Manual was operative in relation to the plaintiff's commencement of employment or renewal of employment terms. Furthermore the parties haven't raised and I'm not prepared to decide whether a supervisor or management person is entitled to claim rights under this discipline policy set forth in the manual.
I do know that there is no statement in the complaint that aFinley type disclaimer was included in the manual, Finley v.Aetna Life Casualty, Co., 202 Conn. 190, 199 (fn. 6), (1987).
If the plaintiff can be considered an "employee" under the terms of this analysis and the manual or policy was distributed to CT Page 12652-V all employees the question remains as to what in fact the manual policy was regarding discipline. The language on its face appears to give employees certain rights and paragraph 25 evidences prior practice or procedure indicating how the policy in the manual was applied in past discipline cases. This prior history could perhaps be used to determine the scope of any rights given by the manual if there was a dispute as to the contents of the rights. Also that paragraph indicates a vice-president of the defendant and another supervisor told the plaintiff that when he was conducting disciplinary proceedings regarding other individuals, the plaintiff had to follow the policies set forth in the manual or the company would be "legally liable" for failure to do so. Although the paragraph is not exactly worded to explicitly raise this point, it could be read as alleging these individuals who spoke to the plaintiff in effect made vicarious admissions binding the defendant as to its legal liability in disciplinary hearings. cf Carney v.Hennessey, 74 Conn. 107, 110 (1901).
I cannot resolve these issues by means of a motion to strike, they perhaps can be resolved through summary judgment procedures.
The motion to strike is denied as to the first count.
2. CT Page 12652-W
The second count alleges a tortious breach of contract. There certainly is an action in our state for interference with contract rights but there must be an allegation that there was a contract with a third person and the third person was induced to break the contract he or she had with the plaintiff, Heirs v. Cohen,31 Conn. Sup. 305 (1973).
There is no distinct cause of action for "Tortious Breach of Contract". L.F. Pace Sons v. Travelers Indemnity Co., 9 Conn. App. 30,47-49 (1986) merely stands for the proposition that where there is a claim for breach of an implied contract punitive damages can be recovered on that cause of action if an underlying tort or tortious conduct is proved. The court's holding then was that "Elements of tort such as wanton or malicious injury or reckless indifference to the interests of others giving a tortious overtone to a breach of contract action justify an award of punitive or exemplary damages." (emphasis added). The court then reviewed the 27th paragraph of the breach of contract count in that case and held there were sufficient allegations of outrageous and malicious conduct to justify the court's instructions which allowed the jury to consider awarding punitive damages on the breach of contract count, cf. Triangle Sheet Metal Works Inc. v. Silver, 154 Conn. 116,128 (1966). Also see Restatement (Second) Torts, § 908, comment (b) which discusses damages allowable on breach of contract CT Page 12652-X claims where there is an allegation of malicious and outrageous conduct.
The plaintiff certainly has alleged sufficient malicious and outrageous conduct to make a claim for punitive damages on her breach of implied contract claim but L.F. Pace and the Restatement do not recognize a separate cause of action for tortious breach of conduct independent of and as some kind of an adjunct to the implied contract claim. The Second Count is stricken.
3.
The defendant also moves the court to strike the third count which is a claim for promissory estoppel.
The elements of promissory estoppel are (1) the employer makes a promise (2) which it could reasonably expect to induce action or forbearance on the part of the person to whom the promise is made (3) which does induce such action or forbearance and (4) injustice can be avoided only through enforcement of the promise.
Implied contract and promissory estoppel theories of recovery are often indistinguishable and whether they are duplicative of each other should in most instances probably be resolved by the trial judge in preparing his or her charge. The court's discussion CT Page 12652-Y as to the first count is applicable to the main thrust of the defendant's argument as to the first and second elements of a promissory estoppel claim.
The defendant does argue however that the plaintiff "alleges no facts which indicate that there was in fact any action or forbearance" by the plaintiff "Rather, Radie, asserts a conclusory allegation that he did act in reliance. . . ." The defendant alleges that the Third and Fourth elements of the doctrine of promissory estoppel have not been met. I agree that these necessary elements have been conclusorily stated in the third count. But I do not agree that there is something about the doctrine of promissory estoppel that allows a party to avoid the requirements of fact pleading despite an implication to that effect in Gaudus v. GriffinHealth Services, 5 Conn. L. Rptr. 785, 786 (1981). The purpose and scope of a motion to strike are identical to that of a common law demurrer, Cavallo v. Derby Savings Bank, 188 Conn. 281, 283
(1992). As said in McAdam v. Sheldon, 153 Conn. 278, 282 (1965) "A demurrer admits facts only. It does not admit legal conclusions . . . or the truth or accuracy of opinions stated in the pleadings. . . . Unless that conclusion (an allegation stated in the complaints) follows from the facts alleged, and admitted by the demurrer, it is not an element on the case." Thus on an appeal from the granting of a motion to strike the appellate court examines the facts alleged in the complaint to test the trial court's action. Only well pleaded CT Page 12652-Z facts and facts necessarily implied from the allegations are admitted, Amodio v. Cunningham, 182 Conn. at pp. 82-83; all claims must be supported by factual allegations otherwise a motion to strike is appropriate, Pepper v. American Way Homes, Inc.,
6 Conn. L. Trib. #26, p. 17 (1980), Connecticut Practice, Moller Horton, commentary to PB § 108, page 275, see Conn. Civil Procedure
Stephenson, Vol. I, § 116.
There are no factual allegations in the complaint to indicate what action or forbearance was taken by the plaintiff in reliance on the defendant's promise. If such facts are properly alleged admittedly they can't be tested by a motion to strike, but here no such facts are alleged. If such factual allegations are made this count could withstand a motion to strike.
However, based on the allegations of the complaint as presently drafted I will strike the third count.
The motion to strike is denied as to the first count and granted as to the second count.
Thomas Corradino, Judge. CT Page 12652-AA