[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #167
Defendant Liberty Mutual Insurance Co. moves to strike three counts of plaintiff Yvonne Cloudier's revised complaint, which is dated November 28, 1995, on the ground she fails to state claims on CT Page 5780 which relief can be granted. For the reasons stated below, the court concludes the plaintiff fails to state legal claims in the third and fifth counts but does state a legal claim in the fourth count.
The plaintiff alleges, inter alia, that her employer was insured by the defendant for the payment of workers' compensation benefits to injured employees, that she sustained an injury arising out of and in the course of employment, that she gave notice of the injury and complied with all reasonable requests of the insurer, and that she "was thereby entitled to the rights and benefits under the [Workers' Compensation] Act." The plaintiff further alleges that the defendant insurance company failed to provide plaintiff with "(a) payments under the Act; (b) a full, fair and reasonable investigation of the claim; and (C) a true and proper notice of the decision to withhold benefits due and the basis for that decision." In the third count, the plaintiff alleges the defendant violated the Connecticut Unfair Insurance Practices Act (CUIPA), General Statutes § 38a-815 et seq. In the fourth count, the plaintiff alleges the defendant violated the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110b et. seq. In the fifth count, the plaintiff alleges the defendant tortiously interfered with a contract.
The defendant claims the third count should be stricken be for two reasons: (1) there is no private cause of action under CUIPA and (2) the plaintiff fails to allege a violation of CUIPA. The defendant claims the fourth should be stricken on the ground the plaintiff's allegations of misconduct do not constitute a violation of CUTPA. The defendant claims the fifth count should be stricken on the ground the plaintiff can not assert a cause of action for tortious interference with a contract because the defendant is a party to the contract at issue.
The first issue is whether CUIPA creates a private cause of action. This issue has been addressed in numerous Superior Court decisions. See CM Technology, Inc. v. Travelers Ins. Co.,
Superior Court, judicial district of Middlesex at Middletown, Docket No. 072968 (March 31, 1995, Stanley, J.); King v. Ehorn,
Superior Court, Judicial District Ansonia-Milford at Milford, Docket No. 044381 (November 17, 1993, Rush, J.). This court concludes CUIPA does not create a private cause action. Since the plaintiff can not maintain a cause of action under CUIPA, the third count must be stricken. CT Page 5781
The defendant next contends the plaintiff has failed to allege a violation of CUIPA. The defendant raises this claim as a ground for striking the third and fourth counts. Because this court has just determined the third count must be stricken, this claim need not be addressed in the context of the third count. In the fourth count, the plaintiff alleges that the defendant's violation of CUIPA constitutes a violation of CUTPA. "[A] litigant complaining of unfair insurance practices [is] entitled to maintain a private right of action under CUTPA `for alleged unfair trade practices . . . .'" Mead v. Burns, 199 Conn. 651, 665-66,509 A.2d 11 (1986); Griswold v. Union Labor Life Ins. Co., 186 Conn. 507,520, 442 A.2d 920 (1982). The cause of action alleged in the fourth count is based on proof of a CUIPA violation.
The plaintiff alleges the defendant violated two CUIPA provisions, section 38a-816 (6) and 38a-816 (15). If the defendant has alleged facts to support a violation of either of these provisions, the defendant's motion to strike must be denied. With respect to section 38a-816 (6), the defendant argues that the plaintiff has failed to allege the defendant's behavior is indicative of a general business practice.
"In requiring proof that the insurer has engaged in unfair claim settlement practices `with such frequency as to indicate a general business practice' the legislature has manifested a clear intent to exempt from coverage under CUIPA isolated instances of insurer misconduct." (Footnote omitted.) Lees v. Middlesex Ins.Co., supra, 229, 849. Accordingly, "claims of unfair settlement practices under CUIPA require a showing of more than a single act of insurance misconduct." Mead v. Burns, supra, 199 Conn. 659.
Thus, "[u]nder the guidelines set forth in Mead v. Burns,
supra, for a plaintiff to allege CUIPA . . . violations successfully the plaintiff must allege more than a single failure to settle a plaintiff's claim fairly. The plaintiff must allege that the defendant has committed the alleged wrongful acts with such frequency as to indicate a general business practice." Quimby v.Kimberly Clark Corp., 28 Conn. App. 660, 672, 613 A.2d 838 (1992).
Here, the plaintiff alleges that "[t]he defendant insurer has acted as aforesaid on other occasions such that its conduct appears to be a general business practice to discourage claims under its policies of insurance, breach its contractual and statutory duties to claimants covered under its contracts of insurance and deprive covered claimants of their rights and benefits due, thereby taking CT Page 5782 an unfair trade advantage against business competitors who truly, fairly and justly discharge their duties to covered claimants under the [Workers' Compensation] Act and their contracts of insurance."
In ruling on a motion to strike, the court must construe "The facts alleged in the complaint in a light most favorable to the pleader." R.K. Constructors, Inc. v. Fusco Corp., 231 Conn. 381,384, 650 A.2d 153 (1994). "This includes the facts necessarily implied and fairly provable under the allegations. It does not include, however, the legal conclusions or opinions stated in the complaint." (Internal quotation marks omitted.) Westport Bank andTrust v. Corcoran, Mallin Aresco, 221 Conn. 490, 495 A.2d 153
(1992).
The plaintiff alleges that the defendant has committed the wrongful acts with such frequency as to indicate a general business practice. Additionally, the plaintiff alleges the wrongful acts with specificity. When these allegations are viewed in the light most favorable to the plaintiff, they support a cause of action for unfair settlement practices in violation of CUIPA. See Lamour v.Allstate Insurance Company, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 049034 (February 15, 1995, Thompson, J.) (holding that the allegation that "the defendant has made it a general business practice to undervalue claims and require its insureds to file suit" is sufficient to withstand the motion to strike); but see Rotz v. Middlesex Mutual Assurance Co.,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 307488 (January 27, 1995, Hauser, J.) (holding that the allegation that "the defendants . . . have acted as aforesaid on other occasions such that their conduct appears to be a general practice to discourage Workers' Compensation claims" was legally sufficient to support a claim that the defendants engaged in unfair trade settlement practices).
Because the plaintiff has alleged facts sufficient to support a CUIPA violation under § 38a-816(6), it is not necessary to determine whether those facts also support a violation of subsection (15). The motion to strike the fourth count must be denied.
The defendant has moved to strike the fifth count on the ground a cause of action for tortious interference with a contract can not be maintained against a party to the contract. The defendant argues that the plaintiff is alleging it interfered with the terms of the insurance policy. The plaintiff, on the other CT Page 5783 hand, argues that the defendant, by not complying with the terms of the insurance policy, tortiously interfered with the contract between her and her employer for the provision of workers' compensation benefits.
"This court has long recognized a cause of action for tortious interference with contract rights or other business relations."Blake v. Levy, 191 Conn. 257, 260, 464 A.2d 52 (1983). "However, it is well-settled that the tort of interference with contractual relations only lies when a third party adversely affects the contractual relations of two other parties." (Emphasis in original.) Paint Products Co. v. Minwax Co., 448 F. Sup. 656, 658
(D. Conn. 1978), citing R an W Hat Shop, Inc. v. Sculley, 98 Conn. 1,14, 118 A. 55 (1922); Hiers v. Cohen, 31 Conn. Sup. 305, 310,329 A.2d 609 (1973). Thus, "[i]n Connecticut, a party to a contract cannot be held liable for tortious interference with that contract." Urashka v. Griffin Hospital, 841 F. Sup. 468, 475 (D. Conn. 1994); see also Multi-Service Contractors Inc. v. Vernon,193 Conn. 446, 451, 477 A.2d 653 (1984) (acknowledging in dicta that "there can be no intentional interference with contractual relations by someone who is directly or indirectly a party to the contract"); Murray v. Bridgeport Hospital, 40 Conn. Sup. 56, 60-61,480 A.2d 610 (1984) (holding that "[a]n agent acting legitimately within the scope of his authority cannot be held liable for interfering with or inducing his principal to breach a contract between his principal and a third party, because to hold him liable would be, in effect, to hold the corporation liable in tort for breaching its own contract").
In support of her argument, the plaintiff relies on three paragraphs of the fifth count. In paragraph one, the plaintiff alleges that she was an employee, as the term is defined in the Workers' Compensation Act. In the third paragraph, the plaintiff alleges that her employer is subject to the provisions of the Workers' Compensation Act. Finally, the plaintiff alleges in paragraph six that her employer had insured the payment of its workers' compensation liability with the defendant.
The allegations of the complaint do not support a cause of action for tortious interference with the employment contract. "The elements of tortious interference are the existence of a contractual or beneficial relationship, the defendant's knowledge of that relationship, the intent to interfere with it and the consequent actual loss suffered by the plaintiff." Beizer v.Goepfert, 28 Conn. App. 693, 701, 613 A.2d 1336, cert. denied, CT Page 5784224 Conn. 901, 615 A.2d 1044 (1992), cert. denied, ___ U.S. ___,113 S.Ct. 1416, 122 L.Ed.2d 786 (1993). The plaintiff fails to allege that the defendant knew of this contract or that it intended to interfere with it. Moreover, throughout the complaint, the plaintiff refers to the insurance policy as the contract at issue. Even when considered in the light most favorable to the plaintiff, the allegations do not support a cause of action for tortious interference with the plaintiff's employment contract. Because the defendant cannot interfere with its own contract and because the plaintiff fails to allege a sufficient cause of action for tortious interference with the employment contract, the defendant's motion to strike count five must be granted.
The motion to strike the third and fifth counts of the revised complaint is granted. The motion to strike the fourth count is denied.
THIM, JUDGE