[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE # 110
The defendant moves to strike count two of the plaintiff's complaint on the ground that the facts alleged do not rise to the level of extreme and outrageous conduct.
This motion arises out of an action by the plaintiff, Shirley Nwachukwu, against the state of Connecticut department of labor (DOL), and James Acas, her supervisor at the DOL. The action was commenced subsequent to a release to sue issued by the Connecticut commission on human rights and opportunities (CHRO) on July 22, 1997. On December 17, 1997, the plaintiff filed a two-count second amended complaint, alleging: (1) discriminatory employment practices based on race by the DOL pursuant to General Statutes 46a-60 (a)(1) and 42 U.S.C. § 2000e; and (2) intentional infliction of emotional distress by Acas in his individual capacity.
In count two, the subject of the present motion to strike, the plaintiff alleges that from July 1995 to July 31, 1997, while employed as a unit coordinator by the DOL, she was regularly and continually subjected to extreme and outrageous racially discriminatory actions by her supervisor, Acas, which resulted in severe emotional distress. Specifically, the plaintiff alleges that Acas treated her differently than he treated white employees; caused her public embarrassment by his hostile attitude and raised voice when addressing her; criticized her job performance publicly, imposed arbitrary requirements on her work; questioned her activities related to her job; placed reprimands in her file; created an impression with other workers that she CT Page 2903 was shirking her duties; did not praise her exceptional accomplishments; issued a written warning about her alleged failure to perform a job assignment after he transferred a member of her unit, leaving her short handed; asked if she was having a "bad hair day" referring to her afro hair style; told her, "if you're not intelligent enough to do the job, get out;" unnecessarily relocated two white employees to a different area of the office, physically separating her and the only other black employee from the rest of the staff; told one of the relocated employees that she had been in "a bad area," meaning in the vicinity of the two black employees; and refused to authorize her to open the office in his absence, arranging instead to have the office opened by a non-supervisory white employee.
On December 29, 1997, the defendant filed a motion to strike count two of the plaintiff's complaint on the ground that the facts alleged do not rise to the level of extreme and outrageous conduct. The defendant filed the requisite memorandum of law in support of his motion to strike. On January 6, 1998, the plaintiff filed a memorandum in opposition to the defendant's motion to strike.
The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576,580, 693 A.2d 293 (1997). The court "must . . . construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal Quotation marks omitted.) Kelly v.Figueiredo, 223 Conn. 31, 32, 610 A.2d 1296 (1992). The "motion to strike admits all facts well pleaded." Parsons v. UnitedTechnologies Corp., 243 Conn. 66, 68, 700 A.2d 655 (1997). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v.United Technologies Corp., supra, 240 Conn. 580. "This includes the facts necessarily implied and fairly provable under the allegations." Forbes v. Ballaro, 31 Conn. App. 235, 239,624 A.2d 389 (1993).
"In order for the plaintiff to prevail in a case for liability under . . . [the intentional infliction of emotional distress], four elements must be established. It must be shown: (1) that the actor intended to inflict emotional distress; or CT Page 2904 that he knew or should have known that emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe. . . . Liability for intentional infliction of emotional distress requires conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind." (Citations omitted; internal quotation marks omitted.) DeLaurentis v. New Haven,220 Conn. 225, 266-67, 597 A.2d 807 (1991). "Whether the defendant's conduct and the plaintiff's resulting distress are sufficient to satisfy [a claim for intentional infliction of emotional distress] is a question, in the first instance, for [the] court. Only where reasonable minds can differ does it become an issue for the jury." Mellaly v. Eastman Kodak Co., 42 Conn. Sup. 17,18, 597 A.2d 846 (1991).
"Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, `Outrageous!'"Mellaly v. Eastman Kodak, Co., supra, 42 Conn. Sup. 20. "[A] line can be drawn between the slight hurts which are the price of a complex society and the severe mental disturbances inflicted by intentional actions wholly lacking in social utility." Whelan v. Whelan, 41 Conn. Sup. 519, 522, 588 A.2d 251
(1991). "It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by `malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. . . . The liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." Hiers v. Cohen, 31 Conn. Sup. 305, 308-39,329 A.2d 609 (1973). "Rudeness, insulting behavior, poor manners or slights that cause hurt feelings are not what rend society's fabric and give rise to an action for intentional infliction of emotional distress." Finnucane v. Dandio, Superior Court, judicial district of New Haven at New Haven, Docket No. 366182 (May 28, 1997, Gray, J.). CT Page 2905
A review of recent Connecticut decisions on the issue of extreme and outrageous conduct within the context of a claim for intentional infliction of emotional distress reveals that there is no bright line rule to determine what constitutes extreme and outrageous conduct sufficient to maintain this action. The court looks to the specific facts and circumstances of each case in making its decisions. "Those cases in the employment context that have granted motions to strike because the allegations do not sufficiently describe `extreme and outrageous' behavior are more often those that allege little more than that the plaintiff was terminated without just cause." Centi v. Lexington Health CareCenter, Superior Court, judicial district of New Haven at New Haven, Docket No. 383535 (May 1, 1997, Licari, J.).
Acas moves to strike count two of the plaintiff's complaint on the ground that the plaintiff's claims fail to allege facts sufficient to establish that Acas' actions were extreme and outrageous. The defendant relies on Jeffress v. Yale University,
Superior Court, judicial district of New Haven at New Haven, Docket No. 386866 August 28, 1997, Silbert, J.) (3 Conn. Ops. 1061), to support his argument that the plaintiff's allegations are insufficient to rise to the level of extreme and outrageous conduct. In Jeffress v. Yale University, supra, 3 Conn. Ops. 1062, the court found that allegations that the plaintiff's "duties and responsibilities were reduced; that he was denied the assistance of a work-study student; that he was given contradictory and inconsistent instructions; that he was criticized for the length of time it took to do some projects; that he was denounced for failing to meet job expectations; that he was told that he was `not a good fit' as an administrator for Yale University that he was told that he should leave his position; and that he was subjected to `a continuous pattern of harassment, humiliation and degradation' fall far short of the requisite level of extreme and outrageous conduct necessary to state a viable claim of intentional infliction of emotional distress." Id.
Similar decisions were reached in Finnucane v. Dandio, supra, Superior Court, Docket No. 366182 (motion to strike granted where the court found that the "plaintiff [failed] to begin to commence setting forth a factual basis for his claim . . . amidst the rough and tumble of everyday life," where the plaintiff alleged that the defendant caused a police officer to warn him not to attend future games under threat of arrest for criminal trespass after he was suspended, as a coach for disregarding earlier CT Page 2906 instructions to not play a certain team member); and Zamfino v.Pace Motor Lines, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 323111 (May 28, 1997, Melville, J.) (motion to strike granted where the court found that the allegations that the defendant refused to acknowledge a work related injury, refused to allow the plaintiff to fill out an accident report or seek medical attention, and gave pretextual reasons for discharge would not arouse the resentment of a member of the community at large against the actors nor lead him to exclaim `outrageous').
The plaintiff responds that the allegations of actions based on racial discrimination, if proven, demonstrate extreme and outrageous conduct. The plaintiff relies on the decision of Centiv. Lexington Health Care Center, supra, Superior Court, Docket No. 383535, to support her claim that the conduct alleged sufficiently rises to the level of extreme and outrageous conduct sufficient to maintain an action for intentional infliction of emotional distress. In Centi v. Lexington Health Care Center,
supra, Superior Court, Docket No. 383535, a motion to strike was denied where the court found that: Reasonable minds can differ on whether this conduct [alleged wrongful termination, changed work assignments, setting unrealistic goals, not allowing her the time allotted to improve her performance, giving pretextual reasons for termination], if proven, rises to the necessary level. These allegations are sufficient to allege a cause of action for intentional infliction of emotional distress."
Other decisions have followed this reasoning where the courts found that, based on the allegations, evidence could be presented from which a jury reasonably could find that conduct was extreme and outrageous, and, thus, denied motions to strike and motions for summary judgment. See Nguyen v. Newberry Industries, Inc.,
Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 571319 (October 31, 1997, Hale, J.) (motion to strike denied where the court found that "reasonable minds could differ as to whether the allegations set forth [wrongful termination subsequent to the defendant coercing the plaintiff to conceal a work related injury, and failure to accommodate the plaintiff's need for light duty assignments] rise to the level of extreme and outrageous conduct required to sustain a cause of action for intentional infliction of emotional distress"); Talitv. Peterson, 44 Conn. Sup. 490, 498, 692 A.2d 1322 (1995) (motion to strike denied where the court held that "at a minimum, reasonable people could differ as to whether the defendants CT Page 2907 conduct was extreme and outrageous" where plaintiff alleged that the defendants caused her to lose her employment in retaliation for filing a grievance); Murray v. Bridgeport Hospital,40 Conn. Sup. 56, 480 A.2d 610 (1984) (motion to strike denied where plaintiff alleged failure to conduct a job performance evaluation and eventual discharge based on allegations of age and sex discrimination); and Mellaly v. Eastman Kodak, Co., supra,42 Conn. Sup. 17, 21 (motion to strike denied where the court held that "[w]ithin the context that [the defendant] supervised the plaintiff and knew of his disease . . . [the defendant's] conduct reached the required threshold of outrageousness," and was "therefore, an issue for the trier of fact").
The facts in the present case are similar to those of Centiv. Lexington Health Care Center, supra, Superior Court, Docket No. 383535, and Murray v. Bridgeport Hospital, supra,40 Conn. Sup. 56. In the present case, the plaintiff alleges continual and repetitive insulting, humiliating, harassing, and discriminatory conduct due to the plaintiff's race by the defendant. In light of the facts in the complaint which must be construed most favorably to the plaintiff, and measured by the foregoing standards, the court cannot find, as a matter of law, that the plaintiff has failed to set forth a legally sufficient claim for intentional infliction of emotional distress. In the present case, reasonable people could differ as to whether the alleged multiple actions by Acas, when viewed in their entirety, rise to the level of extreme and outrageous conduct. Because the court "must . . . construe the complaint in the manner most favorable to sustaining its legal sufficiency;" Kelly v. Figuieredo, supra, 223 Conn. 31, 32; the motion to strike count two is denied
Hennessey, J.