[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff brought this complaint, dated July 13, 1998, in three counts. Count one sets forth a claim for malicious assault. Count two sets forth a claim for intentional infliction of emotional distress. Count three sets forth a claim for negligent infliction of emotional distress. The plaintiff seeks monetary and punitive damages and attorney's fees and costs. In response to the plaintiff's complaint, the defendant's answer denies the allegations of all three counts.
A trial to the court was held on October 30, 2000. The plaintiff, John Boanno, was represented by counsel. The defendant, Thomas Papcin, appeared pro se. Based on the credible evidence presented at trial, the court finds the following facts. Boanno and Papcin knew each other for approximately thirteen years. Prior to 1997, the two were close friends. At some point in late 1996, or early 1997, however, the friendship deteriorated.
On November 18, 1997, Boanno visited a pizza shop located in Ansonia. While inside, Boanno was informed by one of the restaurant employees that someone may be tampering with the car he was driving. The car was parked in the restaurant's parking lot. When Boanno went out to the car to investigate, he found Papcin beside the driver's side door. Boanno asked Papcin to move away from the car. When Papcin refused. Boanno turned to walk back to the restaurant. Boanno told Papcin that he was going to call the police. At that point, Papcin grabbed Boanno by the back of the hair and punched him in the abdomen where two weeks earlier Boanno had undergone gall bladder surgery.[1] When Boanno tried to protect his stomach, Papcin beat and punched Boanno in the face and neck. An ambulance brought Boanno to the hospital. Papcin was arrested. CT Page 1495
Boanno was treated at Griffin Hospital. At the recommendation of his surgeon, Boanno later went to Milford Hospital where an ultrasound was performed on his abdominal area to ensure that there were no internal bleeding at or around the site of his recent surgery. The ultrasound revealed no internal bleeding, however, it did reveal some external abrasions or bruises. Boanno also suffered some facial cuts. In addition, Boanno underwent physical therapy for back and neck pain he experienced after the assault. His medical expenses totaled $2,486.62. Boanno was also forced to miss two weeks of work. His lost wages total $680.
Papcin claimed that punches were exchanged by both he and Boanno. The police report and the officer's testimony at trial, however, corroborate Boanno's version of what occurred; that he did not initiate the assault or fight back. The evidence demonstrates that Boanno merely tried to shield himself from Papcin's blows. Both the report and the officer's testimony indicate that when police arrived on the scene Boanno was bleeding from his lower lip and his face was reddened and showed signs of being hit. The officer testified that he observed no evidence that Papcin had been hit.
The trial court determines the credibility of witnesses and the weight to be given to their testimony. Robert Lawrence Associates, Inc. v. DelVecchio, 178 Conn. 1, 14, 420 A.2d 1142 (1979). "Any part of a witness' testimony may be believed or disbelieved by the trier of fact." (Internal quotation marks omitted.) State v. Gainer, 51 Conn. App. 563, 575,724 A.2d 521 (1999). In addition, "[t]he trial court is not bound by the uncontradicted testimony of any witness." Bieluch v. Bieluch,199 Conn. 550, 555. 509 A.2d 8 (1986).
As to count one in which Boanno alleges that Papcin assaulted him, "[am assault has been defined as any attempt with force or violence to do corporeal offense to another, coupled with the present apparent ability to complete the act. . . . Connecticut . . . [however] . . . has discarded the classical definition of an assault, and the word `assault' is often used when in truth `battery' would be more accurate. . . ." D. Wright, J. Fitzgerald and W. Ankerman, Connecticut Law of Torts (3rd Ed. 1991) § 6, p. 8. "A battery is a completed assault Battery has been defined as any touching of the person of another in rudeness or in anger." D. Wright, J. Fitzgerald and W. Ankerman, supra, p. 10.
"In this state an actionable assault and battery may be one committed wilfully or voluntarily, and therefore intentionally; one done under circumstances showing a reckless disregard of consequences; or one committed negligently." (Internal quotation marks omitted.) Markey v.CT Page 1496Santangelo, 195 Conn. 76, 78, 485 A.2d 1305 (1985). "A wilful and malicious injury is one inflicted intentionally without just cause or excuse. . . . Not only the action producing the injury but the resulting injury must be intentional. . . . Wanton misconduct is reckless misconduct. . . . It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action." (Citations omitted; internal quotation marks omitted.) Id., 77-78.
Recovery of punitive damages for an assault and battery hinges on the nature of the assault. Id., 77. "A negligent assault . . . calls for only compensatory damages." Id., 81-82. A wilful or wanton assault, however, warrants a recovery of punitive damages. Id., 78. In Connecticut, punitive damages are limited to the plaintiff's litigation expenses, less taxable costs. Berry v. Loiseau, 223 Conn. 786, 827, 614 A.2d 414
(1992).
The evidence produced at trial showed that Papcin's assault on Boanno was committed intentionally and with a reckless disregard for Boanno's safety. The court finds that because this assault and battery was wilful and wanton, both compensatory and punitive damages are warranted. Markeyv. Santangelo, supra, 195 Conn. 78.
In counts two and three, Boanno alleges claims for intentional and negligent infliction of emotional distress, respectively. Boanno testified that he is experiencing anxiety attacks and that he is afraid to leave his house. He claims that these attacks are due to the November 1997 assault, some prank telephone calls he has received, some verbal threats from Papcin, and the fact that Papcin followed him a couple of times. Boanno also claims that Papcin incurred financial obligations in Boanno's name because Papcin subscribed to a local newspaper and had the subscription billed in Boanno's name.
To prevail on a claim for intentional infliction of emotional distress, the plaintiff must show: "(1) that the actor intended to inflict emotional distress; or that he knew or should have known that emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe." (Internal quotation marks omitted.) Appleton v. Board of Education, 254 Conn. 205, 210,757 A.2d 1059 (2000). "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse resentment against the actor, and lead him to CT Page 1497 exclaim, Outrageous!" (Internal quotation marks omitted.) Id., 210-11. "[L]iabiity clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." Hiers v.Cohen, 31 Conn. Sup. 305, 308-09, 329 A.2d 609 (1973).
The court finds that Boanno has failed to introduce evidence showing that he suffered emotional distress that is severe, which is an essential element to be proved for a claim of intentional infliction of emotional distress. Further, the court finds that Boanno also failed to demonstrate that Papcin's conduct was so outrageous that it exceeded all bounds of decency. The evidence demonstrates that Papcin's conduct amounted to threats and annoyances. Such conduct does not rise to the level of outrageousness needed to establish intentional infliction of emotional distress. "It has not been enough that the defendant has acted with an intent which is tortuous or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by `malice' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. . . ." (Internal quotation marks omitted.) Hiers v. Cohen, supra, 31 Conn. Sup. 308-09. Thus, the court finds that Boanno has failed to prove his claim for intentional infliction of emotional distress.
Similarly, Boanno has failed to establish a legally sufficient claim for negligent infliction of emotional distress. To recover damages for negligent infliction of emotional distress, the plaintiff has the burden of proving that "the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that that distress, if it were caused, might result in illness or bodily harm." (Internal quotation marks omitted.) Ancona v. Manafort Bros., Inc.,56 Conn. App. 701, 713, 746 A.2d 184, cert. denied, 252 Conn. 954,749 A.2d 1202 (2000).
Boanno produced no credible evidence that tended to show that Papcin should have realized that his conduct posed an unreasonable risk of causing emotional distress or that such distress, if indeed suffered, might result in illness or bodily harm to Boanno. Id. The court finds that Boanno has failed to make out a claim for negligent infliction of emotional distress.
Accordingly, the court concludes that judgment may enter, under count one, as follows: $2,486.62 for medical expenses and $640 for lost wages.
Additionally, the plaintiff is entitled to punitive damages. A supplemental hearing will be scheduled for evidence to be presented as to the amount of punitive damages to be awarded. CT Page 1498
So ordered.
BY THE COURT
Philip E. Mancini, Jr., J.