[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION TO STRIKE (#104)
 FACTS
On December 7, 2000, the plaintiff, Anita Knight filed a six count complaint against the defendants, Southeastern Council on Alcoholism 
Drug Dependency (SCADD), William Walsh and Cheri Bellavance. The complaint alleges various causes of action based on the defendants' alleged racial discrimination against the plaintiff, which eventually led to her wrongful termination. Specifically, counts one and two allege violations of the Connecticut Fair Employment Practices Act, General Statutes § 46a-51 et. seq. Count three alleges a violation of the covenant of good faith and fair dealing. Count four alleges that the defendants' actions constituted a violation of SCADD's internal personnel policies. Count five alleges that the defendants intentionally inflicted emotional distress on the plaintiff. Count six alleges that the defendants negligently inflicted emotional distress on the plaintiff.
On June 14, 2001, the defendants filed a motion to strike counts three, four, five and six of the complaint on various grounds that will be set out more fully in this opinion. On August 1, 2001, the plaintiff filed a memorandum in objection to the motion to strike. Oral argument was heard on the defendants' motion on August 6, 2001.
 DISCUSSLON
CT Page 13372
"[A] motion to strike challenges the legal sufficiency of a pleading.Eskin v. Castiglia, 253 Conn. 516, 522, 753 A.2d 927 (2000). In deciding on a motion to strike, the court must "read the allegations of the complaint generously to sustain its viability. . . ." Sherwood v. DanburyHospital, 252 Conn. 193, 212, 746 A.2d 730 (2000). "The court must construe the facts in the complaint most favorably to the plaintiff."Faulkner v. United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293
(1997). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Brackets omitted.) Lombardv. Edward J. Peters, Jr., P.C., 252 Conn. 623, 626, 749 A.2d 630 (2000). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." NovametrixMedical Systems v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25
(1992). "In deciding on a motion to strike . . . a trial court must take the facts to be those alleged in the complaint . . . and cannot be aided by the assumption of any facts not therein alleged." (Citations omitted; internal quotation marks omitted.) Liljedahl Brothers, Inc. v. Grigsby,215 Conn. 345, 348, 576 A.2d 149 (1990). "Moreover . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged."Pamela B. v. Ment, 244 Conn. 296, 308, 709 A.2d 1089 (1998).
Count three
In count three, the plaintiff alleges that the defendants violated the covenant of good faith and fair dealing by discriminating against the plaintiff and wrongfully terminating her because of her race. Specifically, count three alleges that the defendants discriminated against the plaintiff by failing to promote her, treating her unequally, retaliating against her for reporting that she was being discriminated against by her supervisor to SCADD's executive director, unequally compensating the plaintiff for her services, failing to make attempts to place the plaintiff in another position when her position at SCADD was eliminated even though SCADD had previously placed other employees whose positions had been eliminated into other positions, and wrongfully terminating the plaintiff. The defendants move to strike count three on the ground that the plaintiff has an adequate statutory remedy available to her through the Connecticut Fair Employment Practices Act which she has pleaded in counts one and two of her complaint.
"Superior court cases and district court cases have fairly consistently held . . . that neither a wrongful discharge nor a breach of implied covenant claim are available where . . . the plaintiff has adequate statutory remedies through which the alleged public policy violations can be enforced. . . ." Hancock v. Stop Shop Companies, Superior Court, judicial district of New Haven, Docket No. 704061 (December 29, 1998,Zoarski, J.); see also Santanella v. SNET Co., Superior Court, judicial CT Page 13373 district of Hartford-New Britain at Hartford, Docket No. 265398 (January 17, 1983, Dupont, J.) (denying cause of action for breach of covenant in age discrimination case where statutory remedy is available); Glassoverv. Audiotronics, Inc., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 067383 (January 18, 1984,Meadow, J.) (a plaintiff does not have an independent cause of action for sex discrimination independent of General Statutes § 46a-60);Napoleon v. Xerox Corp., 656 F. Sup. 1120, 1125 (D.Conn. 1987); Kelseyv. Sheraton Corp., 662 F. Sup. 10, 14 (D.Conn. 1986).
Because the plaintiff has a statutory remedy to vindicate her claims of wrongful discharge, based on racial discrimination, specifically provided in the Connecticut Fair Employment Practices Act, General Statutes §46a-60 (a)(1),[1] § 46a-60 (a)(4)[2] and § 46a-60
(a)(5),[3] the defendants' motion to strike count three of the complaint is granted.
Count Four
In count four, the plaintiff incorporates her previous allegations of discrimination and wrongful termination and, without alleging more, conclusively states that the defendants' discriminatory actions "constituted a violation of the defendants' own personnel policies." The defendants move to strike count four on the ground that it is legally insufficient to support a cause of action because the plaintiff has stated a mere legal conclusion that is not supported by the facts alleged. Specifically, the defendants argue that this count is legally insufficient because the plaintiff has failed to allege which personnel policies of SCADD were violated by the defendants when they discriminated against the plaintiff and wrongfully terminated her.
Because count four states a mere legal conclusion that is unsupported by the facts alleged it is, therefore, subject to a motion to strike.Novametrix Medical Systems v. BOC Group, Inc., supra, 224 Conn. 215.[4]
The motion to strike count four is, therefore, granted.
Count Five
Count five alleges that the defendants intentionally inflicted emotional distress on the plaintiff by discriminating against her, retaliating against her for reporting the discrimination and wrongfully terminating her. The defendants move to strike count five on the ground that the plaintiff has failed to plead facts to support a legally sufficient cause of action. Specifically, the defendants argue that the plaintiff has not alleged facts to support a conclusion that the defendants acted intentionally or outrageously or that the defendants CT Page 13374 actions caused the plaintiff to suffer severe emotional distress.
The plaintiff argues that the motion to strike count five should be denied because she has pleaded facts that would allow a trier of fact to determine that the defendants' actions were intentional, outrageous and caused her to suffer severe emotional distress. Count five specifically alleges that the plaintiff was discriminated against by the defendants in terms of benefits and pay, her supervisor at SCADD allegedly "spoke rudely to her and belittled her," "refused to speak with her," "misrepresented facts and qualifications concerning her job performance, "created a hostile work environment" for her and "retaliated against" the plaintiff when she complained about these discriminatory practices by having "co-workers write up negative comments" to be placed in her personnel file.
"In order for the plaintiff to prevail in a case for intentional infliction of emotional distress], four elements must be established. It must be shown: (1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe." (Internal quotation marks omitted.) Appleton v.Board of Education, 254 Conn. 205, 210, 757 A.2d 1059 (2000). "All four elements must be established to prevail on a claim for intentional infliction of emotional distress." Muniz v. Kravis, 59 Conn. App. 704,708-09, 757 A.2d 1207 (2000). "Whether a defendant's conduct is sufficient to satisfy the requirement that it be extreme and outrageous is initially a question for the court to determine. . . . Only where reasonable minds disagree does it become an issue for the jury." (Citation omitted; internal quotation marks omitted.) Appleton v. Boardof Education, supra, 254 Conn. 210.
"Liability for intentional infliction of emotional distress requires conduct that exceeds all bounds usually tolerated by decent society. . . . Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, Outrageous!' . . . Conduct on the part of the defendant that is merely insulting or displays bad manners or results in hurt feelings is insufficient to form the basis for an action based upon intentional infliction of emotional distress." (Citations omitted; internal quotation marks omitted.) Id., 210-11. "[L]iabiity clearly does not extend to mere CT Page 13375 insults, indignities, threats, annoyances, petty oppressions, or other trivialities." Hiers v. Cohen, 31 Conn. Sup. 305, 308-09, 329 A.2d 609
(1973).
"A review of recent Connecticut decisions on the issue of extreme and outrageous conduct within the context of a claim for intentional infliction of emotional distress reveals that there is no bright line rule to determine what constitutes extreme and outrageous conduct sufficient to maintain this action. The court looks to the specific facts and circumstances of each case in making its decisions." Craddock v.Church Community Supported Living Assn., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 592711 (November 13, 2000, Hennessey, J.). The motion to strike must be denied if "reasonable people could differ as to whether the defendants' conduct was extreme and outrageous." Talit v. Peterson, 44 Conn. Sup. 490, 498,692 A.2d 1322 (1995).
The plaintiff has failed to plead facts that, if proven, would establish that the defendants acted outrageously. See Appleton v. Boardof Education supra, 254 Conn. 211 (allegations that condescending comments about teacher's ability to read were made in front of colleagues insufficient to support a legally sufficient cause of action as a matter of law); DeLeon v. Little 981 F. Sup. 728, 738 (D.Conn. 1997) (allegations concerning the plaintiff's supervisors actions held to be legally insufficient when supervisor ordered plaintiff to purchase drugs, stand guard while supervisor ingested illegal drugs, repeatedly made telephone calls to the plaintiff at her home, threatened to terminate the plaintiff's employment and replace her with an individual of another race, implemented discriminatory sick time policies against the plaintiff, and repeatedly degraded and humiliated plaintiff in the presence of others.); Valencia v. St. Francis Hospital and MedicalCenter, judicial district of Hartford-New Britain at Hartford, Docket No. 538867 (April 3, 1996, Hennessey, J.) (allegations that plaintiff was physically and verbally assaulted by her supervisor in front of her co-workers insufficient as a matter of law); Baricko v.Cheesbrough-Pond's USA Co., Superior Court, judicial district of New Haven, Docket No. 0395642 (December 26, 2000, Zoarski, J.) (allegations that defendant created a hostile work environment, used fellow-employees to report to him on plaintiff's performance, actively attempted to eliminate plaintiff from employment, prevented plaintiff from using vacation time, and played fellow employees against each other, held to be legally insufficient even when it was alleged that the supervisor was aware of the psychological affect his policies were having on the plaintiff.
Plaintiffs have, however, been successful in establishing claims for CT Page 13376 intentional infliction of emotional distress where they have alleged that they were forced to suffer public ridicule; Ferraro v. The Stop ShopSupermarket Co., judicial district of New Haven, Docket No. 388031 (May 24, 2000, Silbert, J.) (allegations that plaintiff suffered harassment from supervisor that was public, extreme, unrelenting and in the presence of co-worker's sufficient to allow cause of action); subjected to a hostile work environment involving repeated racially motivated statements; Craddock v. Church Community Supported Living Associates,
Superior Court, judicial district of Hartford, Docket No. 0592711 (November 13, 2000, Hennessey, J.) (allegations that supervisor discriminated against plaintiff by failing to pay her overtime that he paid a Hispanic employee, supervisor told plaintiff he wanted to give job to a white friend instead of the plaintiff who an African American, subjected the plaintiff to racially motivated statements on a daily basis, discriminated against plaintiff because of her learning disability and fired plaintiff when she took sick leave because of the stress at her job held to state a legally sufficient cause of action); repeatedly taunted about a medical disability; Mellaly v. Eastman Kodak Co.,42 Conn. Sup. 17, 597 A.2d 846 (1991) (taunting by supervisor over plaintiff's alcoholism sufficient); or terminated for exercising a statutorily protected right. Nguyen v. Newberry Industries, Inc.,
Superior Court, judicial district of Hartford-New Britian at Hartford, Docket No. 571319 (October 31, 1997, Hale, J.) (plaintiff's allegations of termination after filing workers' compensation claim extreme and outrageous).
In this instance, the plaintiff has failed to allege that she has suffered any of these types of behaviors. For example, she has not alleged that she was subjected to racial epithets, public humiliation, verbal or physical abuse, or falsely accused or immoral or illegal actions. Therefore, the plaintiff has to allege facts that support a conclusion that the defendants' acted outrageously. As the plaintiff has failed to state a legally sufficient cause of action, the defendants' motion to strike count five is granted.
Count Six
In count six, the plaintiff alleges that she suffered from negligent infliction of emotional distress. The defendants move to strike count six on the ground the plaintiff has failed to allege a legally sufficient cause of action. Specifically, the defendants argue that the plaintiff has failed to allege that the defendants acted unreasonably in the termination process and the plaintiff has failed to allege that she suffered severe emotional distress as a result of the defendants conduct. The plaintiff argues that the motion to strike should be denied because she has pleaded sufficient allegations, based on the defendants' CT Page 13377 discriminatory and retaliatory conduct, to support a cause action for negligent infliction of emotional distress.[5]
"To prevail on [a negligent infliction of emotional distress] claim, the plaintiff must prove that the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that that distress, if it were caused, might result in illness or bodily harm." (Citations omitted; internal quotation marks omitted.) Ancona v.Manafort Bros., Inc., 56 Conn. App. 701, 713, 746 A.2d 184 (2000).
In this instance, the plaintiffs does not allege that the emotional distress caused by the defendants' conduct exposed her to the risk of illness or bodily harm. See Morris v. Hartford Courant Co., 200 Conn. 676,684, 513 A.2d 66 (1986) (affirming trial court's granting of motion to strike where plaintiff failed to allege "emotional distress caused by the defendant's conduct exposed him to the risk of illness or bodily harm");Hearn v. Bridgeport Hospital, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 337350 (July 14, 1997, Thim, J.) (granting motion to strike on ground that complaint lacked allegation that "defendant should have realized . . . that distress, if it were caused, might result in illness or bodily harm"); Khouri v. Koloniaris,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 330880 (February 7, 1997, Melville, J.) (granting motion to strike absent this essential element that "the distress, if it were caused, might result in illness or bodily harm"). Therefore, the motion to strike the sixth count on the ground that the plaintiff has failed to sufficiently allege a cause of action for negligent infliction of emotional distress is granted.
 CONCLUSION
The court hereby grants the motion to strike counts three, four, five and six for the above-stated reasons.
D. Michael Hurley, Judge Trial Referee